[No. 14557.   Department Two. — December 7, 1892.]

FRANK MALLOYE, Respondent, *v.* HENRY COUBROUGH, Appellant.

Power of Attorney — Execution in Partnership Name — Insufficient Certificate of Notary — Evidence. — A certificate of a notary public in an acknowledgment to a power of attorney executed in the name of a partnership, that it was executed "by the therein-named Abel Rey & Co., by Fernand Rey (personally known to me), a member of that firm," as his voluntary act and that of his firm, is insufficient evidence to prove its execution by the firm, it not being made to appear that there was such a partnership, or who composed the firm, or that Fernand Rey was known to be a member of the firm.

Id. — Power to Collect Judgment — Assignment not Included. — A power of attorney authorizing an agent, upon non-payment of a judgment mentioned therein, to "commence, bring, and prosecute all such actions, suits, and other proceedings" as he may think fit or be advised, and "for all and any of the purposes aforesaid, to use our names, and generally to act in and about the premises as fully and effectually as we ourselves could do if personally present," does not authorize the attorney named therein to make an assignment of the judgment, or to substitute an assignee instead of the owners of the judgment for the purpose of suing thereon.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*W. S. Goodfellow,* for Appellant.

*Horace G. Platt,* for Respondent.

TEMPLE, C. — Appeal by defendant from a judgment, and from an order refusing a new trial.

The action is upon a foreign judgment, which it is averred "Abel Rey & Co., a copartnership doing business in London," before the commencement of this action, assigned to plaintiff.

The assignment is denied in the answer. The court found on this issue against the defendant, and it is now contended that the evidence is insufficient to support the finding.

It is not alleged who composed the firm of Abel Rey & Co., nor is there any proof upon that subject, except the certificate of the notary in the acknowledgment of a power of attorney under which the alleged assignment was made.

Objection was made to the admission of the power of attorney as evidence, on the ground that the proof of its execution by Abel Rey & Co. was insufficient, and that the instrument did not confer the power upon the attorney to make the assignment. A like objection was made to the instrument itself when offered. All the objections were overruled, and exceptions to the ruling noted. These rulings are here assigned as errors, and urged in connection with the same points made under specifications as to the insufficiency of the evidence.

Harris, a notary public of London, England, certified in the acknowledgment "that the annexed power of attorney was this day signed, sealed, delivered, and acknowledged by the therein-named Abel Rey & Co., by Fernand Rey (personally known to me), a member of

that firm, as and for the free and voluntary act of himself and his said firm, in my presence, and in that of the other subscribing witnesses; further, that the signatures of ' Abel Rey & Co.' and ' Fernand Rey,' subscribed opposite the seal at foot of the said power of attorney, are the own proper handwriting of Fernand Rey," etc.

Section 1185 of the Civil Code provides that the officer taking the acknowledgment must know or have satisfactory evidence that the person making the acknowledgment is the individual who is described in and who executed the instrument, or if executed by a corporation, that he is the president or secretary of such corporation.

In this case, the person making the acknowledgment was not Abel Rey & Co., and the statute does not impose upon the notary the duty of knowing who composed that firm, nor does he in fact certify that he knew him to be a member of the firm. He certifies that Fernand Rey was personally known to him, and in his presence executed the instrument as his voluntary act, and that of his firm.

It should have been made to appear that there was such a partnership, and who composed the firm, and then, when the assignment with the acknowledgment was offered, a *prima facie* case would have been made from the identity of names, that the person executing it was a member of the firm. The partnership would show his authority to act for the firm. Fernand Rey was not an individual described in the instrument executed as the person executing it or otherwise. That simply says: " We, Abel Rey & Co."

Nor do I think the power of attorney authorized the assignment. In terms, it authorized the agent, upon non-payment of the judgment or any part thereof, " to commence, bring, and prosecute all such actions, suits, and other proceedings in the courts of San Francisco, and elsewhere in America, as he may think fit or be advised, and to institute any proceedings in bankruptcy or insolvency, or for the liquidation of the affairs and estate of the said Henry Coubrough, or such other person

or persons as aforesaid, and to prove against his or their estate or estates for all such sum or sums of money as may be due to us as aforesaid, and upon judgment or recovery of any such sum or sums, from time to time to give for us and on our behalf full and valid receipts, acquittances, and discharges therefor, and for all and any of the purposes aforesaid, to use our names, and generally to act in and about the premises as fully and effectually as we ourselves could do if personally present and acting therein," etc.

The power of attorney contains no general clause authorizing the attorney to do anything necessary or convenient in the collection of the judgment, but, on the other hand, as it seems to me, confines the authority to the institution and maintenance of suits, actions, and proceedings to that end. The general language at the conclusion is limited to the premise which defines what may be done. All these could have been done in the name of Abel Rey & Co. Therefore an assignee was not necessary, in order to take any of the steps, or to institute and maintain any of the actions, referred to or contemplated as possibly necessary or convenient. In fact, the power expressly authorizes the use of the name of the constituent, and does not contain the alternative, or otherwise.

Had the letter of attorney authorized the agent to adopt any measure he might deem expedient, or had it been necessary to substitute an assignee for the purpose of maintaining any action or proceeding which might be thought advisable, perhaps the construction contended for should prevail. But, under the circumstances, I think the language cannot be so extended.

I think the judgment and order should be reversed and a new trial had.

FOOTE, C., and BELCHER, C., concurred

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and a new trial ordered.

SHARPSTEIN, J., DE HAVEN, J., McFARLAND, J.