[No. 781.  Decided January 24, 1893.]

FRANK L. GRIPPEN, *Respondent*, v. MELINDA C. BENHAM, *Appellant.*

ASSIGNMENT — INTEREST OF JOINT CREDITOR — STATUTE OF FRAUDS — ESTOPPEL.

A joint creditor may assign his undivided interest in an entire contract for the payment of money unless objection is made by the debtor; but the assignment by all the joint creditors of their interests to one party is not subject to the consent or objection of the debtor.

Where a contract assigning a claim upon a debtor has been executed, and ratified by the assignee, the statute of frauds requiring such contract to be in writing does not apply.

In an action by plaintiff to recover upon a promissory note defendant alleged that she had assigned the amount due upon a contract for the purchase of land to the plaintiff in satisfaction of the note. Plaintiff replied that in a suit by defendant against the purchaser to recover the amount due, defendant had alleged that she was the owner of the contract, and had, with her co-contractors therein, recovered judgment on the contract. *Held*, That defendant

was not estopped from showing how she became a party to the former suit, and that the suit was really brought in the interest and at the instigation of the plaintiff.

*Appeal from Superior Court, Spokane County.*

Action by Frank L. Grippen against Melinda C. Benham to recover the sum of $1,200 with interest, alleged to have been loaned April 1, 1890, and payable July 1, 1890. Defendant's answer set up as a defense that on the 24th day of April, 1890, plaintiff loaned defendant $1,200, for which she gave her promissory note payable on the 1st day of July, 1890, and that on the 4th day of July, 1890, she fully paid and satisfied said note, which was then surrendered to her. That at the time said note became due there was owing defendant from one Otto Meyer, on a certain contract for the purchase of real estate, the sum of $1,157.81, which said demand, and all her interest in said real estate, she sold, assigned and transferred to plaintiff, together with the payment of $55.50 in cash, which plaintiff then accepted in full satisfaction and discharge of said note, and then and there surrendered said note to defendant as paid, and took charge and control of said real estate, and procured defendant thereafter to convey the same. The reply admits the execution of the note, alleges the $55.50 was a payment on the note, and that plaintiff accepted defendant's interest in said real estate contract as security only for the balance, and surrendered said note as a favor to defendant and not as a discharge of the debt. The reply also alleges that the said contract was not assigned in writing, and that plaintiff subsequently surrendered said contract to defendant, who, with her co-contractors thereon, brought suit on said contract against said Meyer and recovered judgment in their own name to which plaintiff was not a party.

Trial by jury, and verdict and judgment for the plaintiff, from which the defendant appeals.

*Prather & Danson,* and *Turner, Graves & McKinstry,* for
    appellant:

The court erred in refusing to allow appellant to intro-
duce evidence to prove respondent's connection with the
suit of Benham *et al. v.* Meyer. If respondent authorized
that suit by virtue of appellant's transfer to her of her in-
terest in said contract and real estate, then the evidence
sought to be introduced was competent and relevant.
*Greenlees v. Roche,* 29 Pac. Rep. 590; *Wakelee v. Davis,* 38
Fed. Rep. 878. The assignment from Mrs. Benham to
Miss Grippen was not void under the statute of frauds, as
the assignment of a debt, even by parol, is a transfer of
the security. *Southerin v. Mendum,* 5 N. H. 420; *Ladue
v. Railroad Co:,* 13 Mich. 396. The interest assigned by
Mrs. Benham was the balance due from Meyer to her
under their real estate contract; this sum was secured by
equitable lien or mortgage on Meyer's interest in the land.
The security passed to Miss Grippen with the assignment of
the debt, and the transfer was valid notwithstanding the
statute of frauds. *Strickland v. Kirk,* 51 Miss. 795;
*Church v. Smith,* 39 Wis. 493; *Sparks v. Hess,* 15 Cal.
186; *Cleveland v. Martin,* 2 Head, 128.

*Feighan, Wells & Herman,* for respondent:

The pretended assignment was for a small portion of the
debt which was the first deferred payment under the con-
tract entered into between the appellant Mrs. Benham, and
her husband, her son-in-law and daughter, and Otto Meyer.
Otto Meyer had not agreed to accept any assignee. There
was nothing in writing by which he could show his accept-
ance of the respondent as payee of any claim against him.
He had no notice that any assignment of either the whole
or a portion of the payment to be made in July, 1890,
had been made; nor had he consented to any assignment of

the whole or any portion of the payment due July, 1890. If the assignment be for part only of a debt or fund it does not bind the drawee, or transfer any proprietary or equitable interest in the fund until accepted by the drawee. It therefore creates no lien upon the fund. *Welch v. Mandeville,* 1 Wheat. 233; *Mandeville v. Welch,* 5 Wheat. 277; *Gibson v. Cooke,* 20 Pick. 15; *Palmer v. Merrill,* 6 Cush. 282; *Tiernan v. Jackson,* 5 Pet. 580; *Rogers v. Hosack's Ex'rs,* 18 Wend. 319; *Haworth v. Fisher,* 3 Blackf. 249; *Smith v. Jones,* 15 Johns. 229; *Willard v. Sperry,* 16 Johns. 121; *Marziou v. Pioche,* 8 Cal. 536; *Herriter v. Porter,* 23 Cal. 385; *Grain v. Aldrich,* 38 Cal. 514.


The opinion of the court was delivered by

DUNBAR, C. J.—The questions involved in this case are:

*First.* Can a joint creditor assign his undivided interest in an entire contract for the payment of money?

*Second.* Can appellant's claim in this case be assigned excepting in writing?

*Third.* Are the allegations of title in the former suit against Meyer conclusive?

*Fourth.* Does the fact that real estate represented in the contract is community property render the assignment of a claim by the wife void?

As to the first proposition, the reason of the rule that there cannot be a partial assignment of an entire contract, or, in other words, an assignment of an undivided interest, is that the debtor shall not be harassed with a multiplicity of settlements, and that he has a right to stand on his contract as an entirety, and, as said in *Gibson v. Cooke,* 20 Pick. 15:

"A debtor is not to have his responsibilities so far varied from the terms of his original contract as to subject him to distinct demands on the part of several persons, when his contract is one and entire."

Of course, if a creditor cannot divide the contract, by parity of reasoning he cannot by assignment enable others to do so against the debtor's will; but none of the cases hold that the debtor cannot consent to the assignment. It is simply a right that he has, to stand upon his contract. And under the rule laid down in *Marziou v. Pioche*, 8 Cal. 522, the objection can only be made by the debtor. The court, in that case, on page 536, says:

"The creditor has not the right to assign the debt in parcels, and thus, by splitting up the cause of action, subject his debtor to the costs and expenses of more suits than the parties originally contemplated. But when the debtor himself does not object, no other party can object for him."

But in this case, under no circumstances can it be held void. The debtor has not objected; under the testimony attempted to be introduced the respondent did not object, but, on the other hand, ratified the assignment. And in fact there is no question of divisibility the debtor could have objected to, because the parties to the contract had assigned their interest to the respondent, and she was the owner of the entire interest.

Statutes of fraud do not figure in the case, for it was an executed contract, and all the transactions had been fully ratified by respondent, if the testimony offered was true. The testimony tending to show execution and ratification ought to have been submitted to the jury so that they could have passed upon those questions. And if the testimony had shown that the contract was executed, it would also have disposed of the second objection that the contract fell within the statute of frauds because it was not in writing.

The court also erred, we think, in not allowing appellant to explain how she became a party to the former suit. If this had been a suit between the same parties, of course, under the general rule she would have been bound by her

38—5 WASH.

declarations in the former suit, but such is not the case here. She had a right to show, if such was the fact, that the suit was really brought in the interest and at the instigation of the respondent, and if that fact were established it would estop the respondent instead of the appellant.

So far as the last proposition is concerned, viz., the question of community interest, this court disposed of that objection adverse to the respondent's contention in *Colcord v. Leddy*, 4 Wash. 791 (31 Pac. Rep. 320), and in *Hunt v. Stearns, ante,* p. 167.

The testimony concerning the payment of this note by assignment of the Meyer contract, which was withdrawn from the jury by the instructions of the court, ought to have been admitted, and if the jury believed from the testimony that the appellant offered and respondent accepted such contract in part or whole payment of the note, and that the note was delivered up to appellant with the understanding between the parties that it was paid, then in the absence of any fraud on the part of the appellant which would vitiate the settlement, the appellant would be entitled to a verdict at the hands of the jury. The whole testimony should have been submitted to the jury for their determination.

. The judgment must be reversed, and the cause remanded to the lower court with instructions to grant a new trial.

HOYT, SCOTT, STILES and ANDERS, JJ., concur.