[No. 1191.  Decided March 31, 1894.]

RASMUS KONNERUP, *Appellant*, v. J. C. FRANDSEN AND ELIZABETH FRANDSEN, *Respondents*.

SPECIFIC PERFORMANCE — CONTRACT BY ONE SPOUSE FOR CONVEYANCE OF COMMUNITY LAND — ESTOPPEL.

Although a contract for the sale of community land as finally committed to writing is signed by the husband alone, yet the wife is estopped to deny her interest in the contract, when it was made by her husband at her request, with her knowledge and consent as to its terms, and she has allowed the other party to the contract to perform his part of it, and has accepted the fruits of it.

Where an agreement for the sale of land, which is made at the request and with the full knowledge, acquiescence, consent and ratification of the vendor's wife, recites that the vendor named in the contract is the owner of the land, the wife is estopped from setting up any title to the land.

The fact that in an action for the specific performance of a contract to convey land the complaint contains an alternative prayer for damages in case performance can not be had, will not deprive a court of equity of jurisdiction of the action. (*Morgan v. Bell*, 3 Wash. 554, distinguished.)

*Appeal from Superior Court, King County.*

*Winsor, Bush & Morris*, for appellant.

*William Martin*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—The appellant contracted, March 14, 1890, to clear certain lands belonging to defendants, and

to receive in payment certain other lands described in the complaint. The agreement was reduced to writing, and signed by J. C. Frandsen, the husband of the co-defendant, Elizabeth Frandsen. It is conceded that the tract of land which is asked to be conveyed is community property. The prayer is for specific performance of the contract, and for damages in case the contract for any reason cannot be enforced. A demurrer was interposed to the complaint, which was overruled by the court. An answer was interposed, and upon the trial respondents objected to the introduction of plaintiff's evidence upon the following grounds:

"*First:* For the reason that plaintiff's complaint does not state facts sufficient to entitle plaintiff to a judgment in damages in case specific performance cannot be had.

"*Second:* For the reason that it appears from plaintiff's complaint that this court has no jurisdiction of plaintiff's action to render a judgment for damages, as it appears from plaintiff's complaint that a money judgment would satisfy his claim, and it would be a question for the jury to assess plaintiff's damages.

"*Third:* For the reason that plaintiff's complaint does not state facts sufficient to constitute a cause of action for specific performance of a certain contract therein set forth, or to entitle plaintiff to a decree compelling defendants to convey certain lands therein described to plaintiff."

The court overruled the first and second objections, but sustained the third objection, and ruled that the complaint did not state facts sufficient to entitle plaintiff to a decree of specific performance compelling defendants to convey the lands in question. The objection was sustained by the court upon the theory that it appeared from the complaint that the plaintiff's action is based upon a written contract to which the wife was not a party, and that as appellant knew at the time he entered into the contract that the land was community property, he cannot now enforce the performance upon the part of the wife, and therefore he took

nothing by such contract, and that the wife was not estopped from claiming or asserting that she had nothing whatever to do with the contract because she was not a party to it.

It seems to us that there are two reasons why the wife in this case should be estopped, if the allegations of the complaint are true, for while it is true that the agreement is set forth in the complaint, the other allegations of the complaint plainly show that the contract was actually made with both of the defendants. The second allegation recites that James C. Frandsen, in making said agreement, represented the community, and in all things wherein the community, or community interests were affected, represented both his own and the community rights and interests at the request and by and with the full knowledge, acquiescence, consent and ratification of said wife; that said agreement was made and entered into by the appellant, and by him fully performed, carried out and completed on his part by and at the instance, request and full consent of said defendant Elizabeth Frandsen, who assisted plaintiff in carrying out and performing said agreement upon his part, and in all things done thereunder by plaintiff she fully concurred, and assented and ratified every act in pursuance thereof until long after plaintiff had completed his part of said agreement, and cleared all of said land. The third paragraph recites that plaintiff, in pursuance of said agreement, fully and faithfully performed all the work therein required, and did every act upon his part to be done and performed, and, within the time required, fully complied with and completed said agreement on his part to the full satisfaction of the defendants, and thereafter, with defendants' full knowledge, consent and approval, and of each of them, entered on the said lands so to be conveyed to plaintiff by defendants, under said agreement, and took possession thereof, and slashed, cleared and other-

wise improved the same to a great extent, and at large and necessary expense and resultant increase in value thereto.

It is contended by the respondents that all the agreements between the parties were finally merged in the contract, and that, Mrs. Frandsen not being a party to that contract, she was not bound by the terms thereof.    Of course the general proposition that all prior agreements between the parties were merged in the contract cannot be disputed, but the allegations of this complaint are not that the contract was any different from the contract expressed in writing, but that Mrs. Frandsen was in reality a party to the contract, and that it was executed at her request, acquiescence and consent, and, further, that she ratified said contract, and received the benefits flowing from the performance of the conditions of the contract on the part of the appellant.    Not only did she agree that the contract should be made, but she went further, and continued to ratify every act done under the contract until after plaintiff had completed his part of the agreement.

We think it would be exceedingly inequitable to allow this woman, after having encouraged and consented to this contract, and after having ratified the performance of it at every step until the conditions were complied with, and after having accepted the benefits of such performance, to deny her interest in the contract.    The plainest principles of justice demand that she should now be estopped from denying the contract she has in fact made and ratified.

The second reason is that the agreement itself states that the land in question is owned by James C. Frandsen, and if the allegations of the complaint are true, that this agreement was made at the request and with the full knowledge, acquiescence, consent and ratification of the wife, she should now be estopped from asserting that the land is not *owned* by Frandsen, and from denying the terms of the contract.

It is also contended by the respondents that, under the

rule laid down by this court in *Morgan v. Bell*, 3 Wash.
554 (28 Pac. 925), inasmuch as the complaint sets forth
the contract upon which their cause of action is based,
and prays that provided specific performance cannot be had
plaintiff be compensated in damages, the court has no juris-
diction of the case, for the reason that the only basis upon
which a court of equity can take jurisdiction of an action
for specific performance is that there is no adequate remedy
at law. What was decided by this court in *Morgan v. Bell*,
*supra*, was, that in an action for specific performance,
where defendant, without any fault of his own, is legally
incapacitated from performing the contract, and this fact
is known to plaintiffs when they commence suit, the court
has no jurisdiction of the case; and having no jurisdiction
to decree performance, it can render no alternative judg-
ment for damages. In that case it appeared that the
plaintiff knew at the time of the commencement of the
action that specific performance could not be enforced be-
cause the title was not in the defendant, and it was plainly
an action brought in the equity court to avoid the assess-
ment of the damages by the jury, where the equitable
action must of necessity fail, and not that the damages
were incident to the failure. This court in that case, after
quoting § 47 of Pomeroy on Contracts, says:

"We take it that the fair corollary to this proposition
would be, that where the legal remedy of damages is all
that can be decreed, equity will not exercise jurisdiction,
and the original proposition applies more forcibly where
the fact is determined that legal damages are all that is
*actually* sought; and in this case the plaintiffs must have
brought their action on the theory that a compensation in
damages would furnish a complete and satisfactory remedy,
for they knew that no other remedy could be decreed."

The court proceeds to say:

"Under the authorities, however, where something in-
equitable is shown in the transactions of the party who is

trying to avoid the specific performance, or where there are inequitable circumstances surrounding the case, courts of equity, notwithstanding they cannot decree the performance of a contract, will grant relief in damages, and whether or not such an exception to the general rule can be justified on the ground of reason, the doctrine seems to be so well established by the decisions of the courts that it cannot with safety be disregarded.''

No such principle as is discussed in *Morgan v. Bell* is involved in this case. It is true that the prayer concludes that if it shall appear that defendants had no sufficient title, and therefore cannot convey said lands, and the whole thereof, to plaintiff, and could not at the time of the commencement of this action, or, for any other cause, the first relief herein prayed for cannot be had, then that plaintiff have judgment against said defendants, and each one and both of them, for six hundred dollars damages and costs. But that cannot be construed further than as a precautionary application for relief by way of damages in case the defendants had wrongfully disposed of the title to said land after plaintiff's right to the specific performance had accrued, which under all the authorities would be a relief to which he was entitled in an action for specific performance.

Testimony should be allowed to be introduced under the allegations of the complaint and the denials of the answer and reply, and if, in the opinion of the court, the allegations of the complaint are sustained, the appellant will be entitled to a judgment as prayed for. The judgment of the court in dismissing the action will, therefore, be reversed, and the cause remanded with instructions to proceed in accordance with this opinion.

HOYT, SCOTT, ANDERS and STILES, JJ., concur.