[No. 4010.    Decided April 11, 1902.]

BOSTON CLOTHING COMPANY, *Appellant,* v. A. O. SOLBERG, *Respondent.*

SPECIFIC PERFORMANCE — CONTRACT OF LEASE — DESCRIPTION OF PROPERTY.

A memorandum of agreement for a lease reciting that it was made at Everett, Washington, for the "first story of the two-story brick building belonging to John A. Nolan, for a period of one or more years, commencing as soon as said premises can be vacated by the present tenant, L. K. Church, Jr.," describes the property sufficiently for purposes of identification in an action for specific performance against a subsequent grantee, especially when the covenant of warranty to such grantee excepts "a certain lease to be hereafter executed for one or more years."

LANDLORD AND TENANT — DURATION OF TERM.

A lease for "one or more years" constitutes a term for two years, at the option of the lessee.

SAME — AGENCY — RATIFICATION.

A complaint in an action for the specific performance of a contract for a lease against a subsequent grantee states a cause of action, although the contract stated it was signed by the agent of the husband, when it is alleged that such agent was agent of both husband and wife, and the deed executed by husband and wife specifically excepts such lease from their warranty, thereby constituting a ratification by the wife of the agency.

Appeal from Superior Court, Snohomish County.— HON. JOHN C. DENNEY, Judge. Reversed.

*Coleman & Fogarty,* for appellant.

*A. D. Austin* and *Robert A. Hulbert,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Suit to compel the specific performance of agreement to execute a lease, and for damages occasioned by the refusal to perform. The complaint, in substance, alleges that plaintiff (appellant) made an agreement with defendants John A. Nolan and wife, and that at the time Nolan and wife were owners and possessed of certain premises in Everett and of the appurtenances and buildings located upon such premises; that on the 10th day of August, 1900, the defendants Nolan, by their duly authorized agent, executed the following agreement with plaintiff:

"$5.00.          Everett, Wash., Aug. 10, 1900.

"Received  from the Boston Clothing Co. the sum of five dollars, said amount being paid to secure the lease of the first story of the two story brick building belonging to John A. Nolan, for a period of one or more years, commencing as soon as said premises can be vacated by the present tenant, L. K. Church, Jr.; said lease to be

made at a monthly rental of sixty dollars ($60.00), payable on the first of each and every month in advance.

"J. Hunsaker, Agent for John A. Nolan."

That by this agreement, for a valuable consideration, said defendants agreed to demise and let to the plaintiff a certain store room on the premises, and that such agreement was thereafter on the 13th of October, 1900, duly placed of record in the auditor's office; that the store room mentioned in the agreement is situated upon the premises described in the complaint, and has long since been vacated by L. K. Church, Jr.; that on the 14th of November, 1900, the defendants Nolan conveyed by deed the premises to the defendant Solberg, and the deed is set forth in the complaint. It is an ordinary warranty in the usual form, with the following exception:

"And the said parties of the first part, their heirs, executors, and administrators do by these presents covenant, grant, and agree to and with the said party of the second part, his heirs and assigns, that they, the said parties of the first part, their heirs, executors, and administrators, all and singular, the premises hereinabove conveyed, described, and granted or mentioned, with the appurtenances, unto the said party of the second part, his heirs and assigns, and against all and every person or persons whomsoever lawfully claiming or to claim the same, or any part thereof, except as to a certain lease to be hereafter executed for one or more years, dating from December 1st, 1900, shall and will warrant and forever defend."

That such deed was acknowledged and recorded at the request of the defendant Solberg; that the lease described in the deed and excepted from the warranty is the same lease mentioned in the agreement above set forth; that defendant Solberg had actual knowledge of plaintiff's rights to said lease, and purchased the premises with full

knowledge thereof; that immediately upon the vacation of the store room · by said L. K. Church, Jr., plaintiff tendered to each of the defendants the amount of rent stipulated in the agreement and demanded the execution of a lease for the store room according to the terms of the agreement, but defendants refused to accept the sum agreed upon as rental for said store room, and refused to execute a lease therefor, and they still so refuse; that plaintiff is ready and willing to pay the agreed rental and to accept a lease therefor according to the terms and conditions of the agreement; that by reason of the breach of the agreement to lease plaintiff has been damaged in the sum of $1,000. No appearance was made by the defendants Nolan, who are non-residents of the state. The defendant Solberg appeared and filed a general demurrer to the complaint. The demurrer was sustained, and judgment entered dismissing the action. Plaintiff appeals.

Several objections are urged by respondent to the form and sufficiency of the memorandum of agreement. It is contended that it does not describe the property in any manner. This objection may be disposed of by a reference to the case of *Langert v. Ross,* 1 Wash. 250 (24 Wash. 443). There the realty was lots in the city of Tacoma, but the writing omitted to mention their location in the city or county. The court observed:

"But as the property is described with definiteness, so far as the particular lots and blocks are concerned, and is only faulty in not showing that the block named is in Tacoma, we think the omission is one that could be supplied by oral proof."

In the memorandum before us the building is identified as owned by defendants Nolan and occupied by their present tenant, L. K. Church, Jr. And again, when the

deed was executed to the defendant Solberg, the building was located upon the premises described in the deed. The two instruments may properly be construed together. The objection is also made by respondent to the duration of the term of the lease provided for in the memorandum. It was said in *Cochrane v. Justice Mining Co.*, 16 Colo. 415 (26 Pac. 780):

"Under the authorities, to create a valid contract of lease but few points of mutual agreement are necessary: First, there must be a definite agreement as to the extent and bounds of the property leased; second, a definite and agreed term; and, third, a definite and agreed price of rental, and the time and manner of payment. These appear to be the only essentials."

With reference to the duration of the term, it is said by McAdam, Landlord & Tenant (2d ed.), p. 186:

"Sometimes the lease is for a certain number of years determinable at the election of the parties or one of them. Where the option is given expressly to each party no difficulty can arise, and the term may be determined by either. Where the instrument is silent as to the party who is to exercise the right to determine, the lessee only has the option of determining the lease at the specified time, on the principle that where the words of a grant are doubtful, they must be construed most strongly in favor of the grantee."

Wood, Landlord & Tenant (1st ed.), § 291, says:

"A lease for 'one year certain, and so on from year to year,' creates a lease for two years at the least."

Gear, Landlord & Tenant, § 25, says:

"A demise for more than one year, without saying how many years, is a demise for two years certain." And, "A lease of doubtful duration is to be construed most favorably for the tenant."

It would seem that the term "one or more years," in the absence of a stipulation of any option in the lessee, constitutes a term of two years. It is also urged that the memorandum is signed by the agent for John A. Nolan, and that the name of the wife, Wilhemina Nolan, is not mentioned. But the complaint alleges that he was the agent of both, and the deed executed and delivered to defendant Solberg was evidently the ratification of such agency and of the memorandum of lease by defendants Nolan and wife. In accepting the deed from the defendants Nolan, the defendant Solberg ratified all its terms, and he must perform all of its express and implied conditions, and he is estopped from questioning any of such conditions. A very satisfactory discussion of this proposition is found in *Maynard v. Maynard,* 4 Edw. Ch. 711, there quoting with approval from 2 Ves. Jr. 676, "that no man can claim under a deed or will without confirming the instrument under which he claims; for, when he claims under a deed, he must claim under the whole deed together; he cannot take one clause and ask the court to shut its eyes against the rest."

It is concluded that the complaint states a cause of action, and the judgment is reversed, with instructions to overrule the demurrer and for further proceedings in accordance herewith.

ANDERS, MOUNT, HADLEY, FULLERTON and WHITE, JJ., concur.