[No. 15850.   Department Two.   August 18, 1920.]

FRANK HINKHOUSE et al., *Respondents*, v. C. WACKER
et al., *Appellants*, INLAND EMPIRE LAND
COMPANY, *Intervener*.[1]

HUSBAND AND WIFE (69)—COMMUNITY PROPERTY—LEASE BY HUS
BAND ALONE—VALIDITY.   An unacknowledged lease of community
property, signed by the husband alone, is good only for one year.

LANDLORD AND TENANT (134)—ACTION FOR UNLAWFUL DETAINER—
NOTICE TO QUIT—SERVING AND MAILING OF NOTICE.   The service of a
notice to quit by leaving a copy at the premises with some person
of suitable age and discretion is insufficient unless a copy be sent
through the mail addressed to the person entitled thereto at his
place of residence, as provided by Rem. Code, § 814.

SAME (135)—NOTICE TO QUIT—TIME OF SERVICE.   A notice to a
tenant to quit and surrender possession of premises at the end of
the yearly tenancy is sufficient to support an action for unlawful
detainer.

SAME (136)—NOTICE TO QUIT—SUCCESSIVE NOTICES—WAIVER.   The
giving of an insufficient notice to quit is not a waiver of prior
notices.

ESTOPPEL (48, 54)—LANDLORD AND TENANT (12)—RATIFICATION OF
INVALID LEASE.   The lessor of premises under an invalid lease for a
term of years is not estopped to deny that the lease was valid for
more than one year because he sold horses, feed and grain to the
lessee at the time of and after execution of the lease, it appearing
that the purchases were an accommodation to the lessee in farming
the land the first year, and were not a part consideration for the
lease.

CHATTEL MORTGAGES (3)—PROPERTY SUBJECT—CROPS ON LEASED
PREMISES.   A mortgagee of crops to be grown on leased premises,
who had knowledge that the lessor had served notice terminating
the lease for that year, can claim no greater right to the crops than
the lessee, since he was not an innocent mortgagee.

Appeal from a judgment of the superior court for
Grant county, Hill, J., entered October 28, 1919, in
favor of the plaintiff, in an action of unlawful detainer, tried to the court.   Affirmed.

[1]Reported in 191 Pac. 881; 195 Pac. 218.

*F. A. McMaster*, for appellants.

*O. P. Barrows* and *Barrows, Hanna & Lebeck*, for respondents.

MOUNT, J.—This is an action of unlawful detainer, brought for the possession of 1,530 acres of farm land in Grant county. When the action was begun, a writ of restitution was issued and the plaintiff was put in possession of the property. Upon the trial of the case, the court found in favor of the plaintiff and entered a judgment accordingly. The defendant has appealed.

It appears that, on the 6th day of December, 1917, respondent desired to let the farm in question for a period of one year. The appellant desired to lease the lands for a period of six years. After some consultation it was agreed that a lease for six years might be entered into. The respondent himself prepared a lease providing that the appellant C. Wacker should have the property for a period of six years beginning February 5, 1918. The lease provided, among other things, that the lessor should be entitled to one-third of the crop and the land should be farmed in a workmanlike manner to the satisfaction of the lessor. The lease was signed by the respondent Frank Hinkhouse and by the appellant C. Wacker. It was not signed by Mrs. Hinkhouse and was not acknowledged by any of the parties. After the lease was executed, the appellant paid $2,000 to the respondent for the purpose, he says, of binding the bargain. At the time the lease was entered into, it was agreed that the respondent Hinkhouse should sell to Mr. Wacker certain horses, feed and seed which were then on the premises. This $2,000 was applied upon the purchase of the horses, seed and feed. The appellant, that same year, purchased farm machinery, etc., to the extent of about

$14,000. During the first year of the lease the parties had some difficulty. After the lease had been signed by Mr. Hinkhouse, Mrs. Hinkhouse refused to sign it. She thereafter repeatedly refused to sign it. In the fall of 1918, namely, on September 5, a notice as follows was served upon Mr. Wacker:

"Ruff, Washington, September 4, 1918.
"To Conrad Wacker:
"Take notice that you are hereby requested to quit and deliver up to me the possession of the premises now held and occupied by you under the contract entered into by myself and you on the 8th day of December, 1917. (Then follows a description of the premises.) This notice is intended as notice to quit at end of year. However, it is not intended to waive any rights that I may have for redress on account of your not complying with contract, and I hereby ask you to give me my share of crop due me.
                    "(Signed)  Frank Hinkhouse."

Thereafter, in October, the following notice, was served upon the appellant Wacker:

"Ruff, Washington, October —, 1918.
"To Conrad Wacker and his wife:
"You are here required to pay the balance of my share of rent of the premises described hereinafter and which you now hold and give me an accounting of said crop within three days after service of this notice, as required by law, or deliver up to me the possession of said premises. (Then follows a description of the premises.)
                    "(Signed)  Frank Hinkhouse, Landlord."

After this last notice was served, an action was brought by respondent against the appellant to recover rent alleged to be due and damages for breach of contract. While that action was pending, another notice was served in the month of February, 1919, upon Mrs. Wacker, as follows:

"To Conrad Wacker and Mrs. Conrad Wacker, his wife:

"You, and each of you, are hereby notified and required to vacate and surrender to the undersigned, Frank Hinkhouse and Mrs. Frank Hinkhouse, his wife, the following described lands and premises in Grant county, state of Washington. (Then follows a description of the land.)

"(Signed) Frank Hinkhouse,
"(Signed) Mrs. Frank Hinkhouse,
"By O. P. Barrows, their Agent and Attorney."

This notice was served upon Mrs. Wacker on the 25th day of February, 1919. It was not served upon Mr. Wacker because he was away from home. A copy was left with Mrs. Wacker to be delivered to her husband. Thereafter this action was begun for restitution of the premises, and resulted as we have above stated.

The appellant apparently makes no claim that the lease is valid for the full term, but insists that he is entitled to the possession of the premises for the year 1919, because in September of 1918 he sowed 320 acres of wheat upon the premises. This wheat was sown after appellant had notice that he would be required to vacate at the termination of the first year. This court in a number of cases has held that an unacknowledged lease of community property is good only for one year. In *Spreitzer v. Miller*, 98 Wash. 601, 168 Pac. 179, a number of cases so holding are cited, and we there said:

"Hence it has consistently been held that a contract to lease community land, made by a married man without his wife joining him in the manner provided by the last quoted section, the lessee knowing of its community character, is clearly in contravention thereof."

It follows from what we said in that case that the lease in this case was valid only for the year 1918.

The appellant seriously contends that the giving of the last notice on February 25, 1919, is a waiver of the other notices. We are of the opinion that this would be correct if the last notice was sufficient. We are of the opinion that the notice last given was of no effect because it was not served in the manner provided by law. Section 814, Rem. Code, provides that such notice "shall be served either (1) by delivering a copy personally to the person entitled thereto; or (2) if he be absent from the premises unlawfully held, by leaving there a copy, with some person of suitable age and discretion, and sending a copy through the mail addressed to the person entitled thereto at his place of residence; . . ." In the case of *Smith v. Seattle Camp No. 69, W. O. W.*, 57 Wash. 556, 107 Pac. 372, we held that, under this provision, where personal service could not be had upon the lessee, the two acts, viz., leaving the notice with a suitable person and mailing, must concur to make a valid service. It is plain, therefore, that the last notice given was ineffective by reason of the fact that the statute was not complied with in respect to mailing the notice. The second notice that was given was a notice to pay the rent or to deliver up possession of the premises. That notice was served for the purpose of bringing an action for the recovery of rent and for possession of the premises on account of violation of the terms of the lease. The action based thereon was not brought as an unlawful detainer action. That action was dismissed by the respondent before the present action was tried.

It is also argued by appellant that the first notice was insufficient. In the case of *Smeltzer v. Webb*, 101 Wash. 568, 172 Pac. 750, a case of this kind, we held that an oral notice, given before the end of the year, demanding surrender of possession of a farm was suf-

ficient. In that case Judge Parker, speaking for the court, said:

"This is not a case of giving a statutory notice to quit looking to the termination of a tenancy, but it is a case of preventing the commencement of a new tenancy, or rather of preventing the renewal by consent of a tenancy which, by express terms of the contract creating it, expired on a specified date. We conclude that the trial court did not err in admitting testimony of the making of the oral demand for possession by respondents."

If an oral demand for possession is sufficient before the expiration of a yearly lease, clearly the notice given in this case was sufficient for the same purpose. We are of the opinion, therefore, that the first notice was sufficient upon which to base the action for unlawful detainer. We are also of the opinion that the giving of the subsequent notices did not amount to a waiver of the first notice.

The appellant also contends that the respondents are estopped to question the validity of the lease for the second year because of the purchase of horses, feed and grain by the appellant from the respondent at the time and after the execution of the contract of lease. We find nothing in the evidence to indicate that the purchase of the horses and the grain and feed was a part consideration for the lease, but it appears that the purchase of the horses and the feed and the seed was an accommodation to the lessee in farming the land for the year 1918. In the case of *Armstrong v. Burkett,* 104 Wash. 476, 177 Pac. 333, this court said upon the question of estoppel:

"To make an oral lease good for one year under the theory of estoppel there must be some element of benefit to the landlord aside from the rent reserved, or some injustice to the tenant that a court of equity will not tolerate, as, for instance, where the landlord has

made the lease conditioned upon some alteration or improvement that would enhance the value of the property, or where the value of the property lies in the taking of an annual crop. In other words, the mere possession, the payment of rent and the conduct of a business in the usual way and for the sole benefit of the tenant, unaccompanied by circumstances which will create a consideration going to the term, will not make an oral lease from month to month a term lease resting in estoppel.''

The case of *Andersonian Investment Co. v. Wade,* 108 Wash. 373, 181 Pac. 861, relied upon by appellant, was a case where the lessee had been authorized to make improvements to a building by written consent of the agent and where the lessee had made the improvements at his own cost. That was a case where the improvement enhanced the value of the building, and within the exception to the rule as stated in the *Armstrong* case, *supra.*

Appellant further argues that the intervener in this case is entitled to consideration. The facts in that respect are that, after respondent had notified appellant his lease would terminate on the 5th of February, 1919, the intervener loaned money or sold seed to the appellant and took a chattel mortgage on the crop which was to be grown during the year 1919. It appears from the evidence that the intervener knew of the relation existing between the appellant and respondent, and we are satisfied for that reason he could not claim to be an innocent mortgagee and have a greater claim upon the crops than the appellant himself.

We are satisfied, upon the whole case, that the trial court arrived at the correct conclusion. The judgment is therefore affirmed.

HOLCOMB, C. J., BRIDGES, and TOLMAN, JJ., concur.

ON REHEARING.

[*En Banc.* February 9, 1921.]

PER CURIAM.—Upon rehearing *En Banc* and a careful reconsideration of the whole subject-matter, the majority of the court adheres to and affirms the views heretofore expressed in the above opinion. The judgment is affirmed.