[No. 18345.  Department Two.  December 10, 1924.]

FRANK J. ALLEN, as *Guardian of John A. Van Hoosen,*
*Incompetent, Respondent,* v. GEORGE ESGATE
*et al., Appellants.*[1]

EVIDENCE (84)—HUSBAND AND WIFE (61, 81)—JUDICIAL ADMISSIONS—COMMUNITY PROPERTY—RIGHTS OF HUSBAND AND WIFE—MANAGEMENT—AUTHORITY OF WIFE. In an action against a husband and wife affecting their title to real estate claimed as community property, the admissions of the wife on the witness stand, and her proposition made before and at the trial, defeating their claim of title, which was not authorized or acquiesced in by the husband, are not binding on him, and it is error for the court to enter a decree based thereon, determining the title of the community to the land in question (PEMBERTON, J., dissenting).

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered June 23, 1923,

[1] Reported in 230 Pac. 818.

in favor of the plaintiff, upon the admissions of a defendant, decreeing a reconveyance of property, after a trial to the court. Reversed.

*Holden, Shumate & Cheney,* for appellants.
*Frank J. Allen* and *D. V. Morthland,* for respondent.

FULLERTON, J.—On December 23, 1922, one John A. Van Hoosen, being then the owner of certain real property, situated in the city of Yakima, conveyed the property to the appellants Esgate, who were husband and wife. Later on, the respondent Allen was appointed guardian of Van Hoosen's estate on the ground that Van Hoosen was incompetent to manage his own affairs. Following his appointment as such guardian, the respondent brought the present action to set aside the conveyance, alleging in his complaint that the conveyance was obtained by the exercise of undue influence. The appellants put in issue by denials the averments of the complaint; and for an affirmative answer alleged that the conveyance was made for a valuable consideration, that they had expended large sums of money in supporting and caring for Van Hoosen, and asked that, in the event that a reconveyance of the property be directed, they be reimbursed for the money so expended. The affirmative allegations of the answer were denied by a reply. The case was thereafter brought on for trial. At the trial the respondent introduced certain documentary evidence, and then called the appellant, Katie Esgate, as an adverse witness. She was questioned as to the consideration for the conveyance and as to the circumstances which led up to it, following which the examination proceeded with the following questions and answers:

"Q. Do you recall having a conversation with Mr. and Mrs. Will Van Hoosen, at which time their son Miles

and his wife were present, the night before Mr. Van
Hoosen left your place? A. Yes, we was over there.
Q. Isn't it a fact that you told them at the time that
the reason you made this deal was to secure yourself
for his board and keep, and that he couldn't borrow the
money himself on account of his mental condition?
A. We said— Q. (Interrupting) Now, just answer
that 'yes' or 'no.' A. I didn't say— Q. (Interrupt-
ing) Just answer it 'yes' or 'no'; you can answer that
'yes' or 'no.' A. I can't answer it exactly 'yes' or 'no,'
because there is some part I could say yes to and some
part no. THE COURT: You may explain your answer,
then. A. As to the mental condition, I wouldn't say
that I said that; but we didn't get any money and we
had to have money to pay the hospital bill and one
thing another. Q. That was the principal thing? A. And
I gave them a proposition that they could have the
money and property back, provided I got paid for my
labor. Q. Is that proposition still holding good? A.
That proposition is still holding today."

After some colloquy between the trial judge and the
attorney representing the appellants, the court ruled
that the appellants were bound by the testimony of
the witness, and that the respondent need not proceed
further on the question of his right to a reconveyance;
the judge saying in answer to objections on the part of
respondent:

"But, if you make the proposition you are willing
to deed the property back, and the other people are
willing to pay a reasonable amount, it is your duty to
deed it back."

The court thereupon directed the appellants to pro-
ceed with their evidence as to the nature of the serv-
ices they performed for the vendor in the conveyance,
and what their charges for the services were. The ap-
pellants refused to proceed, whereupon the court di-
rected a reconveyance of the property without more,

and later entered a decree in accordance with the order. The appeal is from the decree so entered.

It seems clear to us that the court was in error in its rulings. The property in question was the community property of the appellants, and it is not the rule that one of the members of the community may, by concessions or admissions unauthorized by the other, even though judicially made, authorize the title to such property to be taken from the community and vested in another. In this state it requires the joint action of both members of the community, or the action of one of them under circumstances such as the law will conclusively presume acquiescence on the part of the other, to convey the legal title to such property. Rem. Comp. Stat., § 6893, and the cases from this court there collected. In this instance, there was no consent on the part of the husband to a reconveyance. On the contrary, there is no showing that he acquiesced therein when the proposition of the wife was made prior to the commencement of the action, and when it was made by the wife while on the witness stand, he, through his counsel, refused to acquiesce therein.

The citations made by counsel, as we view them, do not support the ruling of the trial court. The one from Jones on Evidence, § 260 (2d ed.), is typical of the rest. It is there stated that the declarations of the wife may be received against the husband as admissions when the declarant is the agent of the other, "and the declarations are made by express authority within the scope of the agency, and as a part of the *res gestae.*" This statement may be accepted as general law, we think, without accepting the conclusion that it controls the present case. The question the authors cited are discussing, and the question before us, are not the same. The authors are discussing the admissibility of evidence, while here the question concerns the effect of

evidence after it is admitted; and we cannot conclude that, because the declarations of the wife are admissible, it must necessarily control the question which it is merely competent to prove.

But we need not prolong the discussion. Our conclusion is that the court conclusively bound the community on an admission that did not have a conclusive effect, and that its judgment must be reversed. It is so ordered.

MAIN, C. J., BRIDGES, and MITCHELL, JJ., concur.

PEMBERTON, J. (dissenting)—The property in question was secured through the negotiations of the wife, Mrs. Katie Esgate. She testified: "I had to run the expense of keeping him and everything else  .  . . it took all our financial resources, and I asked him for some money; well, he was going to borrow it himself but he was unable to do so, he didn't have any money in cash, as he said and as we knew, so he transferred this property to us in order so we could raise the money on it; and that is how it was done." The husband was present in court when this testimony was offered. If these facts were not true it was his duty to contradict them. The wife was the agent of the community. The principal accepting property through the negotiations of an agent accepts it upon the conditions agreed to by the agent. As we said in the case of *Bowers v. Good,* 52 Wash. 384, 100 Pac. 848:

"In this state the management and control of community property is vested in the husband, and the wife cannot, without his consent, make any valid contract with reference thereto, unless it be for necessaries for herself or the family. When, therefore, the husband knowingly permits the wife to deal with the community property, his consent to her acts and all of her acts is implied, and he cannot afterwards hold to those which redound to his benefit and repudiate those which are

against his interest. He must accept the contract as an entirety, or repudiate it as an entirety, and in this instance he will not be permitted to say that his wife had authority to contract for the land, but did not have authority to settle and relinquish any right acquired thereunder."

Certainly the community securing a deed to property through the negotiations of the wife accepts the property subject to the terms of the agreement.

The judgment of the trial court should be affirmed.