[No. 24336.  Department Two.  February 28, 1933.]

MARCUS HAY *et al., Appellants,* v. CHEHALIS MILL COM-
PANY *et al., Respondents.*[1]

[1]Reported in 19 P. (2d) 397.

*P. C. Kibbe,* for appellant.

*Dysart & Ellsbury* and *Ponder & Ponder,* for respondents.

STEINERT, J.—It is sought by this action to have the title to certain real estate and the title to the timber thereon unified and quieted in the plaintiffs. Trial before the court, without a jury, resulted in a judgment wholly adverse to plaintiffs. From the judgment, the plaintiffs have appealed.

On and prior to May 18, 1907, J. A. Veness and Augusta Veness, his wife, as a community, owned two tracts of land, each comprising forty acres, in Lewis county, Washington. On that day, Mr. Veness entered into a contract with B. A. Bartholomew and Walter Flanigan, predecessors in interest of the appellants, for the sale and purchase of the land upon an installment payment basis. The contract expressly reserved to the vendor all fir and cedar timber then standing and growing, or fallen, on the land. The contract between the above parties was not signed by Mrs. Veness. The vendees filed their contract for record on June 19, 1907. Bartholomew and wife assigned their interest in the contract to Warren Cooley on May 22, 1908, and Cooley, in turn, assigned his interest therein to appellant Marcus Hay, on March 6, 1909. The latter assignment was filed for record on December 13, 1910. What became of Flanigan's interest in the contract, is not shown by the record.

In the meantime, that is, on January 8, 1908, Veness and wife conveyed and quitclaimed to respondent O'Connell Lumber Co. all their interest in the timber on various tracts of land, including those above mentioned, together with all rights of way, privileges and easements in anywise appertaining to the land. The deed also carried upon its face an assignment of the

grantors' interest in and to all outstanding contracts of sale covering the lands and the balances of purchase price due thereon July 1, 1907, from the various persons who had contracted to purchase them. The habendum clause of the deed reads: "to have and to hold unto the said O'Connell Lumber Co., its successors and assigns, forever." The deed was filed for record on the day of its execution.

Thereafter, on May 27, 1914, Hay having completed his payments on the contract, Veness and wife deeded to him the land above mentioned, subject, however, to a reservation of all timber standing and growing, or fallen, thereon, and the further reservation of a sufficient right of way on which to construct, operate and maintain tramroads, or railroads, over and across the land forever.

Logging operations were conducted on the land over the period from 1908 to about 1930, though, of course, not continuously. Those operations were carried on at first through Peters Logging Co., which operated until about 1925 and then became insolvent. After that time, the operations were conducted through the respondent Chehalis Mill Company, and lasted until about 1930. As a result of those operations, the timber has been practically removed from one of the tracts, but very little from the other. Respondent O'Connell Lumber Co. has continuously paid the taxes on the timber, and appellants have likewise continuously paid the taxes on the land. This action was begun sometime in 1930 or 1931.

Two questions are advanced, or suggested, by the briefs for our consideration, only one of which are we now able definitely to dispose of. Our reason for not disposing of the second question will appear later.

The trial judge in his memorandum decision stated specifically that the question involved in the case was

the ownership of the timber on the lands. His conclusion was, as succinctly stated by him, that

"Judgment should be for the defendants, for the reason that the deed executed by Veness and wife on the 8th day of January, 1908, as a community, to the O'Connell Lumber Co., was a complete and absolute repudiation of the contract that Veness gave to Bartholomew and Flanigan, not only by the community, but by Mrs. Veness, in so far as the rights of the plaintiffs to the timber on said land is concerned."

The judgment provided in general terms that the O'Connell Lumber Co. was, at and at all times since the commencement of the action, the owner of the cedar and fir timber situated on the land, with indefeasible title thereto, and with the right *in perpetuity* to remove it, and that the appellants had no interest in said timber in law or in equity.

The initial question presented to us, and the only one, we think, that was actually decided by the trial court, concerned the effect to be given, under the evidence, to the original contract between Mr. Veness and Messrs. Bartholomew and Flanigan. Stated somewhat more comprehensively, perhaps, the question is whether, as claimed by appellants, the contract, taken in connection with all the evidence, conferred upon the vendees and their assigns a right or interest in the land, subsequently enlarged to include the timber thereon by reason of the failure of respondents to remove it within a reasonable time; or whether, on the other hand, as claimed by respondents, the contract was void *ab initio,* or at least became void upon renunciation thereof by Mrs. Veness.

Under the community property law of this state, the husband may not sell, convey or encumber community real estate unless the wife joins with him in executing the deed or other instrument of convey-

ance by which the real estate is sold, conveyed or encumbered, such deed to be acknowledged by both husband and wife. Rem. Rev. Stat., § 6893. We have the further provision by statute that all conveyances of real estate, or of any interest therein, and all contracts creating or evidencing any encumbrance upon real estate, shall be by deed. Rem. Rev. Stat., § 10550. With those sections of the statute constantly before it for many years, this court has definitely committed itself to the doctrine that, where the wife has consented to the conveyance, or contract to convey, or has subsequently ratified or sanctioned it, she may not thereafter disaffirm it. *Konnerup v. Frandsen,* 8 Wash. 551, 36 Pac. 493; *O'Connor v. Jackson,* 33 Wash. 219, 74 Pac. 372. On the other hand, where there has not been joint action by the members of the community, the act by one, in order to have any validity, must be done or performed under such circumstances as that the law will conclusively presume therefrom that there has been acquiescence on the part of the other. *Allen v. Esgate,* 131 Wash. 618, 230 Pac. 818.

Applying those principles to the case at bar, we find nothing that warrants us in holding that Mrs. Veness had done anything, up to the time that she joined in the execution of the deed to O'Connell Lumber Co., to indicate that she either ratified or renounced the executory contract. She did nothing at all. So far as the record shows, her participation in the execution of the deed was her first act with reference to the property, and by that deed she conveyed all her interest in the *timber* on the land to respondent O'Connell Lumber Co. The deed itself, when taken as a whole, was not inconsistent with the terms of the prior contract signed only by Mr. Veness. Nor was that portion of the deed which, by its terms, assigned her interest in the contract inconsistent either with the conveyance

of the timber to the O'Connell Lumber Co. or with her ratification, as of that time, of the prior contract concerning the land.

In fact, it seems manifest to us from all the evidence, including the written instruments themselves, that, when Mrs. Veness executed the deed, she, and her husband as well, indicated in the one instrument their intention to convey the timber to O'Connell Lumber Co., and also to ratify the contract previously made, so far as the land alone was concerned. In other words, she then ratified the contract in so far as it, by its terms, purported to convey to the vendees any interest in the land itself, but at the same time she affirmed and expressed her right to convey the timber to respondents.

It will thus be seen that we differ somewhat with the trial court upon the conclusion reached regarding ratification or renunciation by Mrs. Veness. Instead of holding, as did the trial court, that Mrs. Veness completely renounced the contract, thereby defeating all right or interest that appellants may have had in the *land,* we hold that, despite her conveyance of the timber to respondents, she nevertheless therein and thereby ratified the contract so far as the fee was concerned.

Respondent contends that the habendum clause, which we have quoted above, is conclusive evidence of the intent of the grantors to convey to the O'Connell Lumber Co. in perpetuity. They further contend that the acceptance by appellants in 1914 of the deed which contained a reservation of the timber and a right of way forever, estops appellants from now asserting the contrary.

The habendum clause contains the word "forever," and great stress is laid upon this fact by the respondents. It is undoubtedly true that the word im-

ports a strong significance in construing the instrument. *Skamania Boom Co. v. Youmans,* 64 Wash. 94, 116 Pac. 645; *Healy v. Everett & C. V. Traction Co.,* 78 Wash. 628, 139 Pac. 609; *France v. Deep River Logging Co.,* 79 Wash. 336, 140 Pac. 361, Ann. Cas. 1916A, 238. But the habendum clause must be read in connection with the remainder of the deed and in the light of its context. It is to be noted that that deed is ·entitled upon its face as a "timber deed;" that within the body of it is a reference to outstanding contracts for the sale of the lands covered thereby, accompanied by an assignment to O'Connell Lumber Co. of the proceeds of those contracts; and that the habendum clause is separated from the granting clause of the deed by the intervening provision for the assignment of the balances of purchase price due under outstanding contracts. It must also be borne in mind that this is not an action against the grantor, as against whom the words of the grant will be most strongly construed, but is an action between parties both of whom are claiming under the same grantor.

It is apparent to us, as we have already stated, that the manifest intention of Mr. and Mrs. Veness was to convey the timber to the respondents, but to preserve intact the rights of the vendees under the contract. Surely, the respondents could not expect to receive from the vendees, or their assigns, the payments on the contract and then withhold from them the fruits of it when fully performed by them. If the respondents had predicated a form of action against appellants upon that assumption, it could not have been maintained. The wording of the habendum clause must give way to the manifest intention clearly expressed by the terms of the deed as a whole.

As to the acceptance by appellants of their deed in 1914, it in no way misled the respondents, be-

cause it was executed six years after the respondents had purchased the timber. The reservation in perpetuity therein contained did not appear in the contract. Whether the appellants accepted the deed as full performance of the contract by the vendors, or whether appellants are now estopped from denying its effect in that respect, is, to some extent, at least, a question of fact, dependent upon the evidence. The trial court made no formal findings of fact, as, of course, it was not required to do in this character of case. Hence, we do not know whether the court passed upon that issue. While the judgment rather broadly states that the respondents are the owners of the timber in perpetuity, and that appellants have no interest therein, the basis of the judgment is clearly reflected in the court's memorandum opinion, wherein the judgment is made to rest upon the narrative finding or conclusion that the execution of the deed to O'Connell Lumber Co. was a complete and absolute repudiation of the prior contract, both by Mrs. Veness and by the community of which she was a member. We have already stated that we do not agree with the premise on which the judgment is based.

This leads us to a consideration of the second question. This concerns the present rights of the respective parties to this action.

Aside from the language of the habendum clause, the deed fixes no time for the removal of the timber. In the absence of any fixed or specified time for removal, it is the rule that a reasonable time is inferred. *Nelson v. McKinney,* 163 Wash. 529, 1 P. (2d) 876. It is also the rule that, unless the deed clearly manifests an intention on the part of the grantor to convey a perpetual right to enter upon the land and remove the timber, the purchaser will be allowed only a reasonable time for such removal, and what is a

reasonable time is a question of fact, dependent upon the circumstances of the case. *Morgan v. Veness Lumber Co.,* 108 Wash. 674, 185 Pac. 607. The deed itself does not, in our opinion, clearly manifest such intention.

A great deal of evidence was submitted upon the trial on the question whether, under the peculiar circumstances of the case, respondents had had reasonable opportunity to remove the timber, but, as stated before, there were no findings, and the judgment throws no light upon the court's decision in that respect. We are of the opinion that the trial court did not pass upon that issue at all, but rested its judgment upon the question of renunciation of the contract by Mrs. Veness. We do not think that we are called upon, or that it is proper for us, to pass upon that issue without first giving the trial court an opportunity of doing so. That court had not only the written instruments before it, but also an array of witnesses. The testimony must be tested by its credibility as well as by its amount and nature, and the weight of the evidence is for the trial court to determine.

The judgment is therefore reversed, and the cause remanded with instructions to the trial court to determine whether appellants accepted their deed in full performance of the contract according to its terms, and if not, then whether, under all the circumstances existing at the time of the commencement of the action, a reasonable time for the removal of the timber had elapsed. It is so ordered.

BEALS, C. J., MAIN, TOLMAN, and BLAKE, JJ., concur.