[No. 24777. Department Two. December 21, 1933.]

MARCUS HAY et al., *Appellants*, v. CHEHALIS MILL COM-
PANY et al., *Respondents*.[1]

*P. C. Kibbe*, for appellants.

*Dysart & Ellsbury* and *Ponder & Ponder*, for re-
spondents.

BLAKE, J.—This is the second time this case has
come before this court on appeal. Since the case is
here on the same pleadings and the same evidence as
on the former appeal, only such facts will be stated
here as are necessary to dispose of this appeal, a com-
plete and succinct statement of the issues and es-
sential facts being set out in *Hay v. Chehalis Mill Co.,*
172 Wash. 102, 19 P. (2d) 397.

In 1907, Veness, as vendor, entered into a contract
with Bartholomew, from whom Hay deraigns title, to
sell certain land in Lewis county, the vendor reserving
the timber on the land. In 1908, Veness and wife sold
the timber in perpetuity to O'Connell Lumber Com-
pany, defendant's predecessor in interest. In 1914,
Veness and wife executed a deed to Hay, who had suc-

[1]Reported in 27 P. (2d) 1095.

ceeded to Bartholomew's rights under the contract to purchase the land. By this deed, the vendors reserved

" . . . all timber now standing and growing on the above described lands, and also reserving . . . a sufficient right of way on which to construct, operate and maintain tramroads or railroads on, over and across the aforedescribed lands forever."

On the former appeal, we held that, since the deed reserved the timber and right of access to remove it in perpetuity, and the contract to Bartholomew did not, the right of defendant to remove the timber must be limited to a reasonable time, unless Hay accepted the deed from Veness as complete fulfillment of the Bartholomew contract. The cause was, therefore, remanded

" . . . with instructions to the trial court to determine whether appellants accepted their deed in full performance of the contract according to its terms, and *if not,* then whether, under all the circumstances existing at the time of the commencement of the action, a reasonable time for the removal of the timber had elapsed." (Italics ours.)

Pursuant to the instructions, the trial court found:

"That plaintiffs and appellants accepted the deed from J. A. Veness and Augusta Veness, dated May 27, 1914, in full performance of the executory contract according to its terms; and the court also finds that plaintiffs, by their acts and conduct, now are and were, at the time of the commencement of this action, estopped from denying the effect of said deed, and estopped from asserting any title to said timber, and the whole thereof, and that plaintiffs are entitled to no relief whatever, and that the action should be dismissed with prejudice,"

and entered judgment dismissing plaintiffs' action, quieting defendants' title to, and right to remove, the timber. Plaintiffs again appeal.

 There is ample evidence to support the above quoted findings. We shall not undertake to review it in detail, but we shall point out two or three salient facts. Hay, as we have said, received the deed from Veness, with the reservations above quoted, in 1914. The deed was promptly recorded, and came into Hay's possession. Ten years later, he deeded the property to his wife, now Susan Denck. All the while, he and she paid taxes only upon the land. The timber was assessed apart from the land, and the respondent and its predecessor in interest paid the taxes thereon.

In 1925, on the strength of the record, respondent bought the timber from the O'Connell Lumber Company, and later constructed a logging road into the property at a cost of two thousand dollars. All the while, appellants stood by, asserting no right to the timber nor denying respondents' right to remove it. Appellants, after such a course of conduct, covering a period of sixteen years, cannot now be heard to say that they did not know of the reservations contained in the deed, or that they did not accept the deed in full performance of the Bartholomew contract.

The court, having made the findings it did under the first alternative of the instructions of this court, was under no necessity of making findings under the second alternative.

The judgment is affirmed.

BEALS, C. J., GERAGHTY, TOLMAN, and HOLCOMB, JJ., concur.