C. C. Bowman *et al., Respondents,* v. O. O. Hardgrove, *Appellant.*[1]

*Lindsay & Harper,* for appellant.

*Tucker & Tucker,* for respondents.

Main, J.—This is a forcible entry and detainer action. The trial was to the court without a jury, and resulted in findings from which it was concluded that the plaintiffs were entitled to the relief which they sought. From the judgment entered directing the issuance of a writ of restitution, the defendant appealed.

October 14, 1937, the respondent C. C. Bowman leased to the appellant, O. O. Hardgrove, for a period of ten years, one hundred acres of agricultural land, which was community property, and the lease was not signed by Jennie S. Bowman, the wife of C. C. Bowman. The appellant went into possession and re-

[1]Reported in 93 P. (2d) 303.

mained in possession for approximately a year, farming and generally improving the land. The respondents resided on a tract of land which was adjacent to that leased. It is not disputed that Mrs. Bowman knew that the appellant was in possession.

On or about September 14, 1938, the respondents gave notice to the appellant to quit and surrender possession of the land covered by the lease, and thereafter the present action was instituted for the purpose above stated. Upon the trial, Mrs. Bowman did not testify, due to the fact that she was at the time dangerously ill.

█ The question is whether Mrs. Bowman consented to the making of the lease, or subsequently ratified it. There is no question but that she knew, as stated, that the appellant was in possession and farming and clearing the land, but the question is whether she knew that the lease was made for a period of ten years.

The controlling principle is stated in *Hay v. Chehalis Mill Co.,* 172 Wash. 102, 19 P. (2d) 397, where it is said:

"This court has definitely committed itself to the doctrine that, where the wife has consented to the conveyance, or contract to convey, or has subsequently ratified or sanctioned it, she may not thereafter disaffirm it. *Konnerup v. Frandsen,* 8 Wash. 551, 36 Pac. 493; *O'Connor v. Jackson,* 33 Wash. 219, 74 Pac. 372. On the other hand, where there has not been joint action by the members of the community, the act by one, in order to have any validity, must be done or performed under such circumstances as that the law will conclusively presume therefrom that there has been acquiescence on the part of the other. *Allen v. Esgate,* 131 Wash. 618, 230 Pac. 818."

The appellant cites a number of cases in which it is held that the wife was bound by a lease or a conveyance which she did not sign, either on the ground that she had consented thereto or had ratified what her

husband had done. On the other hand, the respondents cite a number of cases where it is held that the wife was not bound. Each case must depend very largely upon its own facts, and, in this case, the question of fact is, as already indicated, whether Mrs. Bowman consented to the lease, or subsequently ratified it with knowledge that it was for a period of ten years. The trial court expressly found that she had neither consented to, nor subsequently ratified, the lease.

After reading and considering the evidence as it appears in the record, we are of the opinion that the trial court correctly found the facts. It would serve no useful purpose to here review the evidence in detail.

The judgment will be affirmed.

BLAKE, C. J., JEFFERS, and ROBINSON, JJ., concur.

STEINERT, J., dissents.

[No. 27285. Department One. August 8, 1939.]