[No. 29104.    Department Two.    November 13, 1943.]

GUY S. BENEDICT, *as Administrator, et al., Respondents,* v.
A. O. HENDRICKSON *et al., Appellants.*[1]

*Homer L. Post* (*Marcus J. Ware,* of counsel), for appellants.

*C. A. McCabe,* for respondents.

BLAKE, J.—Plaintiffs brought this action in unlawful detainer to recover possession of certain farm lands in Asotin

[1]Reported in 143 P. (2d) 326.

county. The defendants, answering, set up a cross-complaint to establish the validity of a three-year lease executed by deceased, but not executed by his wife. The lands were the community property of the deceased and his wife, Flora, having been acquired by them some fifty years prior to the execution of the lease by the deceased husband.

The cause was tried to a jury on the issues presented by the cross-complaint. The jury returned a verdict in favor of the defendants. The plaintiffs interposed a motion for judgment notwithstanding the verdict, which the court granted. From judgment accordingly entered in favor of plaintiffs, defendants appeal.

Remington's Revised Statutes, § 6893 [P. C. § 1434], provides:

"The husband has the management and control of the community real property, but he shall not sell, convey, or encumber the community real estate, unless the wife join with him in executing the deed or other instrument of conveyance by which the real estate is sold, conveyed, or encumbered, and such deed or other instrument of conveyance must be acknowledged by him and his wife: . . ."

Notwithstanding this explicit mandate of the statute, this court has upheld contracts and encumbrances executed and acknowledged by the husband alone. These decisions rest upon the doctrine of estoppel—typical instances being either (a) where, having knowledge of the contents of a proposed contract, the wife requests her husband to enter into it and she afterwards accepts the fruits of it (*Konnerup v. Frandsen,* 8 Wash. 551, 36 Pac. 493), or (b) where, after execution by the husband, she ratifies it. *Boston Clothing Co. v. Solberg,* 28 Wash. 262, 68 Pac. 715; *Washington State Bank v. Dickson,* 35 Wash. 641, 77 Pac. 1067; *In re Horse Heaven Irrigation Dist., ante* p. 89, 141 P. (2d) 400. However, "where there has not been joint action by the members of the community, the act by one, in order to have validity, must be done or performed under such circumstances as that the law will conclusively presume therefrom that there has been acquiescence on the

454

part of the other." *Hay v. Chehalis Mill Co.*, 172 Wash. 102, 19 P. (2d) 397.

■ With respect to the measure of proof, appellants invoke the rule applicable in law cases, that, where there is substantial evidence to support the verdict, the court is without power to enter judgment notwithstanding the verdict. But this is not a law action. Appellants' answer invokes the equity powers of the court; consequently, the verdict of the jury was merely advisory. *Himpel v. Lindgren,* 159 Wash. 20, 291 Pac. 1085.

In that case, the trial court entered judgment upon a verdict in favor of defendants. This court affirmed it, saying, p. 26:

"Whether we regard the verdict of the jury as being merely advisory, or as binding upon the trial court calling for a judgment in conformity therewith, the evidence, at all events, calls for the judgment which was rendered."

And, in the instant case, it is immaterial whether or not the trial court regarded the verdict as merely advisory. For, viewing the evidence in the light of previous decisions of this court, no different judgment could have been rendered.

■ We can find nothing in the record to justify a finding that, prior to her husband's death, Mrs. Benedict knew that appellants had a lease upon the property, much less that she had any knowledge of its contents. Even if she had known of it, such knowledge of itself would not have estopped her from repudiating it. *Bowman v. Hardgrove,* 200 Wash. 78, 93 P. (2d) 303. She did know that the appellants were in possession of the land and farming it.

There is evidence to the effect that, on two or three occasions, when appellants came to the Benedict residence and discussed with Mr. Benedict the subject of improvements to be made upon the property, Mrs. Benedict was within earshot. Such conversations with Mr. Benedict were held at the door and Mrs. Benedict could be seen moving about the house. She *might* have heard the conversations, but, if she did, there was nothing in them to indicate appellants

were in possession of the property under a lease for a term of years. Had she heard all, she would have learned that the appellants were doing some painting and fencing, and, possibly, that they had purchased some machinery with which to farm the place. But such knowledge would be insufficient to work an estoppel. *Spreitzer v. Miller,* 98 Wash. 601, 168 Pac. 179; *Hinkhouse v. Wacker,* 112 Wash. 253, 191 Pac. 881, 195 Pac. 218.

Appellants make much of an undisputed conversation with Mrs. Benedict. In the fall of 1941, appellant A. O. Hendrickson went to the Benedict residence to deliver wheat receipts for the landlord's share of the crop. Mr. Benedict was not at home. Mrs. Benedict declined to accept them, saying, "Mr. Benedict did the business, I would have to deliver them to him." At most, this episode would charge Mrs. Benedict only with notice of a year to year tenancy of the property by appellants. Another conversation with Mrs. Benedict stressed by appellants occurred after her husband's death and after the controversy over possession of the property had arisen. By appellants' witness, she was attributed with saying that she had knowledge of the lease and that, during her husband's lifetime, it was satisfactory. On rebuttal, she testified:

"I told him that I objected to that lease, and I didn't sign it, as you know. And he said he never seen the lease, didn't know anything about it. Was nothing said about whether I —. Mr. Benedict was never mentioned."

■ However these conversations may be viewed, the facts testified to are insufficient to work an estoppel. A wife is not estopped to contest the validity of a lease of community property executed by the husband alone merely from the fact that she has always been satisfied to have her husband handle community affairs, including the leasing of community real estate. *Kaufman v. Perkins,* 114 Wash. 40, 194 Pac. 802.

Judgment affirmed.

SIMPSON, C. J., MILLARD, ROBINSON, and MALLERY, JJ., concur.