[No. 30423. Department One. April 22, 1948.]

D. J. McGILLIVRAY, *Respondent*, v. ALBERT L. NIELSON
et al., *Appellants*.[1]

*Garvin & Frissell*, for appellants.

*John D. MacGillivray*, for respondent.

HILL, J.—On December 26, 1945, the appellants, being the owners of farm land in Lincoln county, went to the office of the respondent, a licensed real-estate broker, in Spokane, for the express purpose of listing their property with him for sale. During the discussion in the office, all the terms and conditions of the proposed listing contract were fully gone into and were at the time expressly approved by the appellant wife. She left the office before the listing contract was prepared, but with full knowledge that her husband would sign the agreement containing the terms and conditions which had been discussed, and to all of which she had expressly agreed, and in which she concurred. The

[1] Reported in 192 P. (2d) 369.

listing contract was signed by the appellant husband, and he thereafter advised the appellant wife that he had signed the listing contract, and his action in doing so was thereupon approved by her.

By the terms of the contract, the purchase price was to be thirty-six thousand dollars, the down payment twelve thousand dollars, and the respondent was appointed exclusive agent for the sale of the property until July 1, 1946; and it was further provided that, on the respondent's securing a purchaser able and willing to purchase said property on the terms and conditions set forth in the contract, the appellants would pay him a commission of fifteen hundred dollars.

The respondent immediately commenced advertising the property for sale and sent at least twenty to twenty-five prospective purchasers to see the property.

On April 16, 1946, appellant Albert L. Nielson wrote the following letter to the respondent:

"Due to circumstances brought about by spring work I would like to withdraw my notice of selling this place until a later date. Will you please let me know when this has been done."

On May 13, 1946, the appellants and respondent met in the latter's office with Russell A. Lawson and Lawrence Lawson, and at that time Lawrence Lawson signed an agreement whereby he agreed to purchase the property upon the terms and conditions set forth in the listing contract. Lawson was ready, willing, and financially able to purchase the property upon those terms and conditions. The appellants refused to sell the property to Lawson, and the respondent sued to recover his commission of fifteen hundred dollars, and from a judgment in his favor this appeal is taken.

All of the facts hereinabove set forth have been taken almost verbatim from an agreed statement of facts and from the exhibits.

There is considerable argument in the briefs as to the rights of the parties to such a listing agreement when it is terminated without good cause before a sale has actually

been made. We do not pass upon those questions, because we are convinced that the letter of April 16th did not terminate the listing contract; it was no more than an expression of a desire to terminate the agreement. The appellants apparently recognized that some action by the respondent was necessary to make the termination effective, because the letter concludes, "Will you please let me know when this has been done." The respondent made no reply to this letter but continued his efforts to secure a purchaser.

The parties themselves, in their agreed statement of facts, do not refer to this letter and its effect as a withdrawal of the property from sale, but as "the attempted withdrawal of said property from sale, and the attempt to cancel or breach the contract between the respondent and appellants." We therefore hold that there was no breach of the listing contract until the appellants refused to pay the respondent his commission after he had procured a purchaser ready, able, and willing to purchase the property upon the terms set forth in the listing contract.

The appellants also urge that the terms of the sale to Lawson were not the terms specified in the listing contract. They are, however, bound by the agreed statement of facts, and it is expressly stated therein that

" . . . Lawrence Lawson signed a purchase agreement wherein he agreed to purchase said property of appellants, upon the terms and conditions set forth in the listing contract,"

and that

" . . . said Lawrence Lawson was ready, willing and financially able to purchase the property upon the exact terms and conditions set forth and laid down by the appellants."

The appellants' final contention is that the listing agreement signed by the husband alone is not enforcible by reason of the terms of Rem. Rev. Stat., § 6893 [P.P.C. § 434-29], which provides that the husband

" . . . shall not sell, convey, or encumber the community real estate, unless the wife join with him in executing the deed or other instrument of conveyance by which

the real estate is sold, conveyed, or encumbered, and such deed or other instrument of conveyance must be acknowledged by him and his wife: . . ."

■ However, we are not compelled to meet the issue raised by this contention of the appellants, as it was conceded on the oral argument that the agreed statement of facts clearly establishes that there was both a previous authorization and a subsequent ratification by the wife of her husband's act, and that a community liability would attach in consequence thereof under our holdings in such cases as *Boston Clothing Co. v. Solberg,* 28 Wash. 262, 68 Pac. 715; *Washington State Bank v. Dickson,* 35 Wash. 641, 77 Pac. 1067; *Hay v. Chehalis Mill Co.,* 172 Wash. 102, 19 P. (2d) 397; *In re Horse Heaven Irr. Dist.,* 19 Wn. (2d) 89, 141 P. (2d) 400; *Campbell v. Webber,* 29 Wn. (2d) 516, 188 P. (2d) 130.

The judgment appealed from is affirmed.

MALLERY, C. J., MILLARD, SIMPSON, and SCHWELLENBACH, JJ., concur.