Argued December 9, 1969, affirmed August 5, 1970

ELMORE, *Appellant, v.* ALOHA SANITARY
SERVICE, *Respondent.*

473 P2d 130

*Gerald R. Pullen,* Portland, argued the cause and
filed a brief for appellant.

*George M. Joseph,* Portland, argued the cause for respondent. With him on the brief were Morrison & Bailey, Portland, and Schwenn, Bradley & Batchelor and Carrell Bradley, Hillsboro.

Before Perry, Chief Justice,* and McAllister, Sloan, O'Connell, Goodwin,** Denecke and Holman, Justices.

SLOAN, J.

■ This is an action for personal injuries sustained by an employee of a contractor who was engaged in the construction of sewer trenches for the defendant sewer district, pursuant to a contract. The trial court held that defendant was protected by government immunity. We need not decide if the complaint otherwise states a cause of action and that there would be a duty and responsibility from the sanitary district to this employee if governmental immunity did not attach because we affirm the trial court's decision.

Because of the enactment of ORS 30.310 et seq. it would not be advisable to re-examine the several cases decided by this court in which the immunity of various governmental units has been determined. Although in a few cases like *Giaconi v. City of Astoria,* 1911, 60 Or 12, at page 19, 113 P 855, 118 P 180, the distinction was made between ministerial function and discretionary function for determining immunity, the court rule applied by this court in its several cases has been the distinction of governmental versus proprietary activity. See for example, *Wickman et al v. Housing Authority,* 1952, 196 Or 100, 247 P2d 630. In the

---

* Perry, Chief Justice, retired June 1, 1970.
** Goodwin, J., resigned December 19, 1969.

*Wickman* case it was held that the activities of the housing authority were totally governmental. This also has been the rule in respect to school districts. See *Lovell v. School Dist. No. 13,* 1943, 172 Or 500, 143 P2d 326.

It is recognized that the proprietary versus governmental dichotomy is not recognized as having useful meaning. See Prosser, Torts (3rd ed, 1964) p 1005. However, at the same cite, Professor Prosser states that the "* * * functions and activities, which can be performed adequately only by the government, are more or less generally agreed to be 'governmental' in character, and so immune from tort liability."

■ Defendant was created by the authority of ORS ch 450. That chapter is a legislative recognition that government is the only source of the power and authority sufficient to cope with the disposal of sewage and waste. In the more heavily populated areas, such as that served by defendant, we cannot help but know that the health of the populace demands adequate sewage treatment and disposal. It is difficult to conceive of a function of organized government that is more compelling of exercise. And, like the *Wickman* case, or with school districts, this is defendants sole purpose. We are obliged to hold that this is a governmental function.

Some courts, including this one by dicta, have indicated that municipal operation of sewage systems is proprietary in character. This cannot be true today and the trend of later cases is to the contrary. For an opinion collecting and commenting on the recent decisions see *McCombs v. City of Asheboro,* 1969, 6 NC App 234, 170 SE2d 169.

■ The plaintiff insists, however, that the immunity of the defendant authority is waived by ORS 243.110,

which was still an effective statute in respect to this particular case. Plaintiff relies on *Vendrell v. School District No. 26C et al*, 1961, 226 Or 263, 360 P2d 282. However, as pointed out in the *Vendrell* decision at page 281, the cited statute is limited to insurance for the protection of officers and employees of the agency, not for the agency itself. Differing statutes in this and the *Vendrell* case distinguish the two cases.

Affirmed.

O'CONNELL, C.J., specially concurring.

Although in our previous cases we have attempted to distinguish the "governmental" and "proprietary" functions of the state and its agencies for the purpose of deciding whether there was liability or immunity from suit, I find it impossible to make a meaningful distinction between these two categories and therefore I cannot concur in the principal opinion which purports to perpetuate it. I know of no other basis upon which to distinguish between the activities of government which would explain why liability should be imposed upon the governmental unit in some cases but not in others. Since our constitution predicates sovereign immunity unless the Legislative Assembly lifts it, I am forced to conclude that in the absence of statute, as here, the state and its agencies are immune from suit irrespective of the kind of activity which gives rise to the injury.

DENECKE, J., joins in this opinion.