CHARLES H. BIGELOW and another, Trustees, *vs.* CRAWFORD LIVINGSTON.

## May 27, 1881.

**Power of Attorney to convey Land—After-acquired Lands.**—In a letter of attorney, authorizing the attorney to "sell, grant, and convey * * * * all and any lands which I [the principal] may own in * * * St. Paul," etc., and to "release and discharge forever all mortgages upon all and any real estate which I may have and hold in said city of St. Paul, * * * empowering said attorney fully to appear in the office where any such mortgage which I have or hold may be recorded, and enter satisfaction," the words quoted include not only lands owned and mortgages had and held by the principal at the time when the letter of attorney was executed, but also lands and mortgages subsequently acquired, and owned by him at any time before the revocation of such power of attorney.

**Same—Defective Certificate of Clerk of Court.**—Where the certificate of the clerk of a court, in reference to the acknowledgment of a letter of attorney, required to be attached to said letter to entitle it to record, is defective for want of a seal, and for failing to state that the power was executed and acknowledged according to the laws of the state where executed, such certificate, as respects the record, is made good by Gen. St. 1878, *c.* 123, §§ 7, 10, 11, 29.

**Same—Deed by Attorney in Fact.**—A deed executed under a letter of attorney reads (so far as material here) as follows:

"This indenture, made * * * between James O. Gill, * * * by my attorney in fact, Robert Whitacre, party of the first part, * * * witnesseth: that the said party of the first part * * * have granted, * * * and do by these presents grant, bargain, sell and convey * * *. In testimony, the said party of the first part, by his attorney aforesaid, hath hereunto set his hand and seal, the day and year first above written.

"ROBERT WHITACRE, [Seal.]
"Attorney in fact for James O. Gill."

*Held*, that the instrument is the deed of Gill.

**Same—Acknowledgment.**—The certificate of acknowledgment of said deed was as follows:

*Venue.* "Be it known that on this 30th day of June, A. D. 1856, per-

sonally came before me James O. Gill, by his attorney in fact, Robert. Whitacre, the signer and sealer of the foregoing deed, and acknowledged the same to be his own free act and deed." *Held*, that this certificate is, in effect, that Whitacre appeared before the acknowledging officer as attorney in fact for Gill, and acknowledged that the deed, executed by him as such attorney, was Gill's free act and deed, and is a sufficient. acknowledgment of Gill's deed.

Plaintiffs and defendant entered into an agreement, whereby plaintiffs agreed to sell and convey certain premises in the city of St. Paul to defendant, for a sum agreed upon. This action was commenced in the district court for Ramsey county, to enforce the specific performance of this contract. The answer admits the making of the contract, with the condition that plaintiffs should furnish a correct and complete abstract of title to the premises in question, showing a good and perfect title, free from all encumbrances, to said premises, in the plaintiffs, and sets out that the abstract furnished by plaintiffs, and the records referred to therein, show that plaintiffs derive their title from one James O. Gill, through a power of attorney from said Gill to one Whitacre, and a certain deed executed thereunder, (reciting the same in full,) both being so defective as to be insufficient to convey the title, and, further, that a mortgage on the premises to Gill, given subsequently to the execution of the power of attorney, does not appear to have been satisfied, except by virtue of this power of attorney. The portions of the power of attorney and deed, claimed by defendant to be fatally defective, are recited in the opinion. Plaintiffs demurred to the portions of the answer setting up a failure of title because of these conveyances, and defendant appeals from an order made by *Brill*, J., sustaining the demurrer.

*Lamprey & James*, for appellant.

The deed is not that of James O. Gill, because it is not, and does not purport to be, signed by him. *Thurman* v. *Cameron*, 24 Wend. 87; *Elwell* v. *Shaw*, 16 Mass. 42; *Lessee of Barger* v. *Miller*, 4 Wash., C. C. 280; *Harper* v. *Hampton*, 1 Har. & J. 709; *Bellas* v. *Hays*, 5 Serg. & Rawle, 427; Story's Agency, § 147.

*Williams & Davidson*, for respondents.

BERRY, J.  The here important parts of the power of attorney called in question in this case are these: "I, James O. Gill, * * * appoint Robert Whitacre * * * my * * * attorney, for me and in my name to sell, grant and convey, in fee-simple, * * * all and any lands which I may own in * * * St. Paul, * * * Minnesota; * * * and I particularly authorize * * * my said attorney to release and discharge forever all mortgages upon all and any real estate which I may have and hold in said city of St. Paul, * * * empowering said attorney fully to appear in the office where any such mortgage which I have or hold may be re-corded, and enter satisfaction," etc.

1. The words "all and any lands which I may own in * * * St. Paul, * * * Minnesota," include not only lands owned by Gill at the time when the power of attorney was executed, but also lands afterwards acquired and owned by him at any time before the power of attorney is revoked.  So the words "all mortgages which I may have and hold" embrace not only mortgages which Gill had and held at the time when the power was executed, but also mortgages subsequently acquired and had and held by him at any time before the revocation of the power.  See *Fay* v. *Winchester*, 4 Met. 513.

2. The power of attorney was executed in the state of Ohio, and acknowledged before a justice of the peace of that state.  The certificate of the clerk of the court, required in 1854 (the time of acknowledgment) to be attached to a power of attorney in such cases, in order to entitle the power to record, was not under seal, and failed to state that the power was executed and acknowledged according to the laws of Ohio.  It is objected that, on account of these defects in the certificate, the power of attorney was not entitled to record, under the statute in force at the time when it was actually recorded.  The objection is disposed of by Gen. St. 1878, *c.* 123, §§ 7, 10, 11, 29, under which the record of an instrument to which a certificate thus defective is attached is made good.

3. The deed executed under the power of attorney mentioned, reads (so far as material to this opinion) as follows:

"This indenture, made * * * between James O. Gill, * * *

by my attorney in fact, Robert Whitacre, party of the first part, * * * witnesseth: that the said party of the first part * * * have granted, * * * and do by these presents grant, bargain, sell and convey * * *. In testimony, the said party of the first part, by his attorney aforesaid, hath hereunto set his hand and seal, the day and year first above written.

"ROBERT WHITACRE, [Seal.]
"Attorney in fact for James O. Gill."

That this instrument was intended to be the deed of Gill appears upon its face beyond a doubt. It purports to be his deed, and to have been executed by him as party of the first part, by his attorney; and by the *in testimonium* clause, Gill, by his attorney, sets his (Gill's) hand and seal to the same. The seal is to be taken for what it purports to be, viz., the seal of Gill, affixed by Robert Whitacre, as his attorney in fact. Though the form of execution is somewhat unusual, we think it is subtantially equivalent to the more usual form, "James O. Gill, [seal,] by Robert Whitacre, his attorney in fact," and that the instrument is therefore Gill's deed. 2 Washburn on Real Property, 575; *Williams* v. *Frost*, 27 Minn. 255.

4. The certificate of acknowledgment attached to the deed is, after venue: "Be it known that on this thirtieth day of June, A. D. 1856, personally came before me James O. Gill, by his attorney in fact, Robert Whitacre, the signer and sealer of the foregoing deed, and acknowledged the same to be his own free act and deed." The certificate is not commendable in form, but its evident meaning is that Whitacre appeared before the acknowledging officer as attorney in fact for Gill, and acknowledged that the deed executed by him as such attorney was Gill's free act and deed. This is sufficient.

Order affirmed.