[No. 460. Decided October 3, 1892.]

WILLIAM H. COLCORD, *Appellant,* v. JAMES LEDDY AND NOBLE WALLINGFORD, *Respondents.*

COMMUNITY PROPERTY—SALE OF—WIFE NOT JOINING IN CONTRACT—
RESCISSION BY VENDEE.

Where a person, ignorant of the community character of certain real estate, contracts with the husband alone for its purchase, he can rescind the contract and recover purchase money paid thereon only upon the refusal of the husband and wife to accede to a demand for a contract in which both join.

*Appeal from Superior Court, King County.*

*Lindsay & King,* for appellants.
*White & Munday,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—The appellant, who was plaintiff below, entered into three separate contracts with the defendants, who therein contracted to convey to him several parcels of land therein described. Upon the execution of said contracts the plaintiff paid the defendants a certain sum of money thereon. Some time thereafter, before the time for the performance of the contracts by the defendants had arrived, the plaintiff brought this action to recover the money so paid by him. In his complaint he alleged that James

Leddy, one of the defendants, was a married man during all of said time, and that an undivided part of the real estate described in each of said contracts was the community property of said defendant and his wife. He alleged that in consequence of the said James Leddy being a married man, and a part of the said several parcels of real estate being community property of said James Leddy and his wife, that the defendants could execute no valid contract to convey the same, the wife not being a party to the contracts, and he insists that under the decisions of *Holyoke v. Jackson,* 3 Wash. T. 235 (3 Pac. Rep. 841), and *Hoover v. Chambers,* 3 Wash. T. 26 (13 Pac. Rep. 547), said contracts were absolutely void, and that the defendants were in no wise bound by them, and consequently he could be permitted to recover the moneys he had advanced thereon. The defendants demurred to the complaint on the ground that it did not contain facts sufficient to constitute a cause of action, and the court sustained the demurrer.

It does not appear in this case whether the plaintiff at the time he executed said contracts had any knowledge that the defendant, James Leddy, was a married man, or that the property, or any part of it, which said defendants had contracted to convey to him was community property. As a general rule, there is no principle of law which would prevent a party from entering into a contract to convey certain lands to another party, to which at the time he had no title, if he saw fit to take the chances of obtaining a title thereto before the time when he would be called upon for the performance of the contract, or to respond in damages in case he could not obtain the title and convey the same in fulfillment of his contract.

But the cases cited seem to lay down a special rule as to the community real estate of a husband and wife, because the husband is prohibited by statute from conveying or encumbering the same, and it is substantially held that

parties knowingly entering into such a contract, to which the wife is not a party, are wrongdoers or willful violators of the law, and that the contract is absolutely void. If, however, the plaintiff, at the time of contracting, had no knowledge of the community character of any of the lands, he would not be within the rule laid down in those cases to the extent of bringing an action for damages upon the contract, although he could not enforce a specific performance thereof. But if the plaintiff, at the time he contracted with the defendants, had knowledge that a certain interest in said lands was the community property of one of the defendants and his wife, and had no sufficient reason to believe that the husband was authorized to convey the same, then under the decisions mentioned he was a wrongdoer, and he should not be permitted to take advantage of his own wrong and recover the money that he had paid, at least in advance of a violation of the contracts by the defendants. In any event he should not be permitted to avoid said contracts without first giving the defendants an opportunity to fulfill the same, or to execute to him a valid contract wherein all parties owning said lands would be bound to convey the same. While the husband had no right to convey the community lands, and his contracts wherein he agreed to convey the same cannot be upheld for that purpose, yet the relation of husband and wife as to the community ownership of property and its control and disposition is a peculiar one. Ordinarily the husband's contracts regarding such property are made with the knowledge and consent of the wife, with no intention at the time, on the part of any of the parties, to violate the law or the contract. Instances are undoubtedly few in number where a husband would undertake to enter into a contract in relation thereto in opposition to his wife. The difficulty usually comes at a later time, when one of the contracting parties undertakes to relieve himself of a bad bargain upon that

ground. In this case, for aught that appears, the wife of said defendant may have acquiesced in said contracts, and she may have been willing to become a party thereto, and bind herself to convey the land accordingly had she been requested so to do, and, if so, the plaintiff would have suffered no injury.

Upon the other hand, if it was community land, and the contracts were invalid for the purpose of enforcing a conveyance thereof; if the plaintiff was not a wrongful participant, he should not be compelled to wait until the time for the fulfillment of the contracts to arrive, keeping himself in readiness meantime for a performance upon his part, perhaps at a loss and inconvenience, and take the risk of a compliance therewith upon the part of the defendants.

In the case of *Isaacs v. Hol'and, ante,* p. 54, lately decided by us, where a lease was executed of community lands by the husbands only, we held that the lessees could not avoid the performance of the lease upon their part, and abandon the premises, and resist the payment of rent for the unexpired time, without first giving the lessors an opportunity to execute to them the valid lease. We also held that they could not be compelled to submit to a performance of the lease on their part for an uncertain time, at the peril of being ejected from the premises whenever the lessors or the owners should choose to eject them, on the ground that the lease was void because it purported to lease community lands to them. That, under the circumstances, they had the right to an assurance of the performance of the contract upon the part of the lessors that they could remain in possession of the land for the full period of time for which they had contracted.

In this case, according to the import of the several contracts, the plaintiff was entitled to the possession of all the real estate therein described pending the life of the con-

tracts, and it is not claimed that he had been in any wise disturbed in his possession thereof. Applying the same principle to this case that was involved and passed upon in the case of *Isaacs v. Holland,* we think the plaintiff should not be allowed to avoid these several contracts upon his part without first giving the defendants an opportunity to deliver to him a valid contract; that he should first have demanded the execution of a contract by the defendants and the wife of the defendant James Leddy, in order that the community property might be bound; and having failed to do so, that he cannot arbitrarily avoid the performance of said contracts upon his part and recover the money previously advanced by him thereon. There may have been an honest intention upon the part of the defendants, including the wife of the defendant aforesaid, to perform said contracts, and they should have been given an opportunity to put themselves in a condition where they could be compelled to convey the land when the time arrived. The plaintiff, if not a wrongful participant, had a right to have this much done; but until a demand was made there would be no way of ascertaining what the attitude of the defendants, including the wife of said James Leddy, toward said contract was or would be.

Consequently we hold in this case that the judgment of the superior court should be affirmed, because the plaintiff failed to allege that he had demanded of the defendants a valid contract which would have assured to him a conveyance of the property when the time arrived, and that they had refused or failed to comply therewith.

ANDERS, C. J., concurs.

STILES and DUNBAR, JJ., concur in the result.

HOYT, J., dissents.