[No. 731.  ·Decided November 3, 1892.]

J. B. HUNT AND ELIZABETH HUNT, *Respondents*, v. ALMA STEARNS AND HOWARD STEARNS, *Appellants*.

VENDOR AND PURCHASER — ACTION FOR PURCHASE MONEY — TITLE OF VENDOR.

In an action to recover the balance of the purchase money due on a contract for the sale of real estate, the fact that the vendor did not have the legal title at the time of the contract, but herself held only under a contract of sale, and that the land had since depreciated in value, constitutes no defense when defendant purchased with full knowledge of the state of the vendor's title.

*Appeal from Superior Court, Spokane County.*

*Prather & Danson,* for appellants.
*Ike K. Revelle,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The main contention of the appellant is, that at the time the contract was entered into between appellant and respondent there was an outstanding title which the vendor should not be allowed to speculate with and afterwards be allowed to force upon the vendee to her detriment; that had the land risen in value the vendee might not have been able to obtain title under the contract, and that inasmuch as the land had depreciated in value the vendee ought to have the option to receive the money advanced. It is true that on the 30th day of October, 1890, the vendor paid for and received a deed of the land from Stage, in whom the legal title to the land in question was vested, but this was well understood by the appellant. She understood Stage's relation to the land at the time she entered into the contract to purchase, and made the first payment of six hundred dollars, and she again acknowledged and ratified the contract by a payment of six hundred dollars on the 23d day of June, 1890, and had not paid or tendered the balance of six hundred dollars at the time the respondent, Elizabeth Hunt, received a deed from Stage, May 4, 1891, and she has never paid or tendered the same according to the terms of her contract, or at all.

This court held, in *Colcord v. Leddy,* 4 Wash. 791 (31 Pac. Rep. 320), that Colcord, who was seeking to recover money previously advanced by him upon a contract to purchase land which was community property, said contract being executed only by the husband, should first have demanded the execution of a contract by the defendant and

wife of defendant, Leddy, that the community property
might be bound, and that having failed to do so he cannot
now arbitrarily avoid the performance of said contract
upon his part and recover the money previously advanced
thereon.   That decision is decisive of this point, conceding
that the property was community property.   But this is a
still stronger case, for while the court found that the land
in question was separate property, both husband and wife
tendered a deed to the appellant.   An investigation of the
whole record shows that the failure of the appellant, Alma
Stearns, to make the third payment provided for in the
contract was not induced by any legal difficulties or bar-
riers, but was the sole result of the depreciation in value of
the land.

So far as alleged errors in the admission of testimony
are concerned, if errors at all, they were without prejudice,
as this court tries the cause *de novo* upon the testimony
presented.

We think the judgment is right, and it is, therefore,
affirmed.

ANDERS, C. J., and STILES and SCOTT, JJ., concur.

HOYT, J., concurs in the result.