[No. 796.   Decided March 10, 1893.]

CHARLES DIETZ, *Respondent*, v. GUSTAVE WINEHILL, *Appellant.*

ACTION FOR BREACH OF CONTRACT — LEASE OF COMMUNITY LAND — PARTIES.

The fact that one of two joint lessees paid all the money on the contract of lease does not warrant an action by him alone for breach of the contract.

An action for money had and received cannot be maintained for the breach of a contract, although such contract was invalid for the reason that it was a lease of community lands executed by the husband alone.

*Appeal from Superior Court, King County.*

*Burleigh, Gamble & Burleigh*, for appellant.

*P. C. Ellsworth* (*Vince H. Faben*, of counsel), for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—The respondent and H. F. Heuss jointly entered into a written indenture of agreement with the ap-

pellant by which they leased of appellant certain premises in the city of Seattle. The lease, by its terms, was to commence in the future. The contract was made June 16, 1890, and the lease was to begin October 1, 1890. In part performance of the conditions of the lease respondent gave to appellant a check for five hundred dollars payable on demand, and respondent and Heuss jointly executed a due bill for the remaining six hundred and twenty-five dollars, payable on demand.

Under our view of the law it is not necessary to discuss or state the reasons which led to the breaking of the contract upon either side. Respondent brought his individual action for the recovery of the money paid, ignoring the lease, and not making Heuss a party to the action. When plaintiff rested his case the defendant moved for a non-suit, which the court refused to grant. The evidence of the plaintiff plainly shows that the respondent and Heuss jointly executed the lease, and made themselves jointly responsible for the payment of the lease money. It may be true, as claimed by the respondent, that Heuss has no interest in the five hundred dollars which had been paid by respondent, but the action being brought on their joint contract, and for a breach of the same, Heuss becomes a party interested, and the appellant has a right to have the rights of all the parties to the contract litigated in one suit. If the complaint cannot be construed to be an action for a breach of the contract, but is, as asserted by respondent, simply for the recovery of the money paid, ignoring and disregarding the contract of lease, then there is a fatal variance between the allegations and the proof, and the case falls squarely within the rule laid down by this court in *Distler v. Dabney*, 3 Wash. 200 (28 Pac. Rep. 335).

It is contended by the respondent that the suit could not have been brought on the lease contract for the reason that the lessor who made and executed the lease was, at

the time of its execution, a married man, and that the wife was not made a party to the lease, did not sign the same, and it was, therefore, void, and would not sustain an action. Even if it were true that the action cannot be based upon a contract for the lease or sale of community real estate where the wife did not join, it does not follow that it would relieve the respondent from the obligation imposed by the statute to state the facts constituting his cause of action. This court, however, in the case of *Isaacs v. Holland*, 4 Wash. 54 (29 Pac. Rep. 976), where a lease was executed of community land by the husband only, held that the lease was not void, and that the lessees could not avoid the performance of the lease upon their part and abandon the premises and resist the payment of rent without first giving the lessors an opportunity to execute to them a valid lease. The same principle was followed by us in *Colcord v. Leddy*, 4 Wash. 791 (31 Pac. Rep. 320), and in *Hunt v. Stearns*, 5 Wash. 167 (31 Pac. Rep. 468).

The judgment will be reversed, and the cause remanded with instructions to grant the motion for a non-suit asked by appellant.

ANDERS, STILES and HOYT, JJ., concur.

SCOTT, J., concurs in the result.