[No. 8638.    Department One.    June 18, 1910.]

JAMES KIEFER, *substituted for H. A. Halferdahl,*
*Respondent,* v. CARTER CONTRACTING & HAULING
COMPANY, *Appellant.*[1]

VENDOR AND PURCHASER—CONTRACTS — FORFEITURE — DEFAULT— RESCISSION BY VENDOR. The vendor exercises his option to rescind a contract for the sale of land, and his acts are notice of his intent, where the contract provided for two annual payments, and on failure of the vendee to make the first payment, the vendor mailed written notice of his election to forfeit the contract (which was not received), and later gave verbal notice, and leased the premises to tenants who erected improvements and materially changed the character of the use and possession of the premises.

SAME—FORFEITURE—PREREQUISITES—TENDER. A tender of a deed is not a prerequisite to the vendor's right to declare a forfeiture of contract for the sale of land, where default was made in the first payment to be made, as there were no mutual and dependent covenants as in the case of the last payment.

SPECIFIC PERFORMANCE—RIGHT TO—DEFAULT IN PAYMENT. Equity will not decree a specific performance of a contract to convey land at the suit of a vendee who was in default in making payments, without any excuse for the failure, and time being of the essence of the contract.

Appeal from a judgment of the superior court for King county, Main, J., entered October 29, 1909, upon findings in favor of the plaintiff, in an action for specific performance, after a trial on the merits. Reversed.

*Kerr & McCord, Clem J. Whittemore,* and *L. V. Newcomb,* for appellant.

*James Kiefer,* for respondent.

[1]Reported in 109 Pac. 332.

Morris, J.—Appeal from a decree of specific performance. The plaintiff below was H. A. Halferdahl. On motion James Kiefer has been substituted as respondent in this court.

In May, 1907, the defendant and H. V. Perry entered into a contract for the sale and purchase of lots 7 and 8, block 6, D. T. Denny's second addition to North Seattle. The purchase price was fixed at $6,000, to be paid in two installments, $3,000 October 6, 1907, $3,000 October 6, 1908, with interest from date of contract. Time was made the essence. Neither of these installments was paid. The contract was assigned a number of times, and finally was transferred to H. A. Halferdahl, who brought the action October 6, 1908, pleading a waiver of the payment due October 6, 1907, and alleging a prior tender of $6,517, the amount then claimed to be due. Answer was filed, denying the waiver and admitting a tender of $5,000. Upon the trial the court ordered a specific performance of the contract upon payment of the amount found due, and defendant appeals.

The only question to be considered here is appellant's contention that the contract was forfeited. No offer of payment of the first installment was made October 6, 1907, and on October 7 the appellant mailed a written notice of forfeiture to Perry, addressed to him at his Seattle address, with appellant's return card on the envelope. The same was not returned to appellant, but Perry testifies he did not receive the notice, and the court below so found. Some time thereafter appellant made leases of one of the lots to Jahn & Company, who inclosed the lots with a high board fence, and used it for storage purposes. The other lot was leased to McGrath & Duhamel, who erected a substantial one-story building thereon, upon stone piers, which was used for the storage of material used in the constructing of the postoffice building at Seattle. It is also shown that appellant has paid taxes and assessments on the two lots, amounting to $177.10, which under the contract Perry assumed. Some time after the notice of forfeiture was mailed to Perry, he

called up the appellant over the 'phone and requested permission to examine an abstract of the property, and was then informed by appellant that, having forfeited his contract, he had no interest in the premises, and his request was denied. Again, two or three weeks prior to October 6, 1908, when by the terms of the contract the second payment was due, Halferdahl, plaintiff below and the then assignee of Perry's interest in the contract, called on Mr. Hall, cashier of the First National Bank, Seattle, and sought to interest Mr. Hall in furnishing money to make the contract payments. Mr. Hall saw appellant in regard to the contract, and was informed that, having declared a forfeiture of the contract, no negotiations for the payments or a deed would be entertained. This was reported to Halferdahl.

It seems clear from all these circumstances that appellant had exercised its election of forfeiture, and that such was the understanding of Perry and Halferdahl. Both written and verbal notice of such election was given. Whenever interviewed by Perry or others representing his interest, appellant maintained its position that the contract had been forfeited. The placing of Jahn & Company and McGrath & Duhamel in possession of the premises, and the character of the improvements erected upon the premises under these leases was in itself notice. It is true that it was understood that, until deed passed, the appellant was permitted to continue in its use of the premises, but the change and character of the possession by Jahn & Company and McGrath & Duhamel was so different from the use and possession exercised by appellant that it must be held as a notice and election on the part of appellant to assume ownership over the premises and forfeit any right given Perry under the contract. If the first payment had been made, then the making of the second payment and the delivery of the deed would be mutual and dependent covenants, and appellant could not declare a forfeiture without a tender of the deed. But this was not the situation at the time the first payment fell due. There

was then no obligation on the part of appellant other than the receipt of the money, and no covenant to be performed before a forfeiture of the contract could be declared because of Perry's default in nonpayment. In any event, we fail to see how respondent had any standing in the court below. He had himself voluntarily broken his contract by failing to make the 1907 payment. His complaint suggests no excuse or justification for such failure, except it be its allegation of waiver, which is not sustained by the evidence. Having broken his contract, he could not make it the basis of a recovery and pray the court to exercise its equitable jurisdiction in ordering appellant to specifically perform a contract which theretofore he had not regarded as of any binding force upon himself.

"It may, then, be laid down as an acknowledged rule in courts of equity . . . that where the party who applies for a specific performance has omitted to execute his part of the contract by the time appointed for that purpose, without being able to assign any sufficient justification or excuse for his delay; and when there is nothing in the acts or conduct of the other party that amounts to an acquiescence in that delay, the court will not compel a specific performance. The rule appears to be founded in the soundest principles of policy and justice. Its tendency is to uphold good faith and punctuality in dealing." *Benedict v. Lynch,* 1 Johns Ch. (N. Y.) 370, 7 Am. Dec. 484.

The same rule has been announced even in cases where time is not made of the essence (*Stewart v. Allen,* 47 Fed. 399; *Taylor v. Longworth,* 39 U. S. 172); especially where, as in the case before us, no equitable reason is shown for the default and noncompliance. It is undoubtedly the correct rule that equity will not enforce a forfeiture until its right has been clearly established, but that does not militate against the equally well established rule that a forfeiture may be declared for a nonexcusable failure to comply with the terms of the contract as to payment, when by its terms, or its equitable interpretation, time is of the essence. *Douglas v. Hanbury,* 56

Wash. 63, 105 Pac. 1110, and cases cited; *Sleeper v. Bragdon*, 45 Wash. 562, 88 Pac. 1036.

Respondent urges that, before a forfeiture could be declared, a deed must be tendered, and cites cases from this court where such a rule is announced. Such would be the rule if the covenants were mutual and concurrent, as for instance as we have before referred to, the default was in the last payment only. But such is not the case here, and the tender of the deed is in no sense a condition precedent to the right of forfeiture.

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

RUDKIN, C. J., GOSE, CHADWICK, and FULLERTON, JJ., concur.