[No. 26782. Department One. January 19, 1938.]

M. C. BALLARD et al., *Respondents*, v. EVERETT E. COX et al., *Appellants*.

EVERETT E. COX et al., *Appellants*, v. M. C. BALLARD et al., *Respondents*.[1]

[1]Reported in 75 P. (2d) 126.

*Cheney & Hutcheson* and *Walter J. Robinson, Jr.,* for appellants.

*Short & Short,* for respondents.

HOLCOMB, J.—This appeal involves two actions tried together without a jury and, by stipulation, consolidated upon appeal.

On or about March 9, 1937, respondents commenced an unlawful detainer action (cause No. 9506) against appellants and served a writ of restitution upon appellants requiring them to vacate and to deliver possession of the premises to respondents.

On or about March 15, 1937, appellants brought an action (cause No. 9513) against respondents to stay the above mentioned unlawful detainer action and to secure a temporary restraining order enjoining respondents from executing the writ of restitution *pendente lite*. This complaint constituted, in effect, an answer to the complaint in cause No. 9506. Respondents demurred to this complaint upon the ground that there was another action pending between the same parties for the same cause, and the complaint did not state facts sufficient to constitute a cause of action. The court, "for the time being," overruled the demurrer and said that the cases would be promptly determined. Respondents did not plead further in the second case, and the trial proceeded upon the pleadings as formed. Every right, legal and equitable, was determined and disposed of by the trial court in the two cases that could possibly have been determined. Thereafter, the trial court dissolved the temporary restraining order, ordered that appellants take nothing by their complaint and dismissed the action with prejudice.

The facts necessary to a consideration of the question before us are these: In March, 1936, an instrument entitled a "lease," which recited that respondents

M. C. Ballard and Minnie F. Ballard, husband and wife, were the lessors and Everett E. Cox, the lessee, was signed only by Everett E. Cox and M. C. Ballard. By this indenture, respondents leased to appellants the so-called Frank Weed ranch, covering approximately one hundred acres in Kittitas county, on a certain crop rent basis for a term of one year from February 11, 1936. The complaint alleged that, although the term specified in the lease has expired, appellants refuse to surrender possession. Respondents prayed for judgment for the restitution of the premises and for double damages from February 11, 1937, and costs.

Appellants answered admitting signing a memorandum entitled "a lease," but contend that was, in fact, an agreement for the extension of time of payments under the real estate contract. Appellants set up an affirmative defense and cross-complaint alleging respondents, as vendors, and appellants, as vendees, entered into a written real estate contract on or about July 11, 1934, for the sale to appellants of the above mentioned ranch. This contract was duly filed with the county auditor of Kittitas county. The total purchase price recited in the contract was $12,500, and at the time of its execution, appellants paid respondents five hundred dollars and conveyed a certain house to respondents at an agreed valuation of $4,500, thus leaving an unpaid balance of $7,500, the same being payable in annual installments with interest at the rate of six per cent per annum upon the unpaid principal as follows: Five hundred dollars on December 1, 1934, and annual installments of $750 payable on December 1 from 1935 to 1939, inclusive, thus leaving a balance owing on the principal on December 1, 1939, of $3,250.

The payments made to respondents after the original

down payment total $2,455.49. During the period appellants were in possession, they made a number of improvements. They renovated the house and made it habitable, reroofed it, refloored a portion of it, put a new foundation under it, and modernized it by installing electric lights and plumbing fixtures. Appellants also cleared between two and three acres of brush and removed a number of stumps which interfered with farming, installed a septic tank, and made a number of other improvements valued at $2,486.94.

On December 1, 1939, if appellants are not in default of any of their payments or covenants, under their contract, they have the right either to pay the balance due and receive a deed to the property, or to receive a deed and to secure payment of the balance due by a mortgage back on the ranch. The contract further provided appellants were to pay the annual installments promptly when due and to pay all taxes and assessments on the ranch before same became delinquent. Time was made the essence of the agreement, and upon default of any of the covenants by appellants, respondents, at their option, could reenter and take possession of the premises and cancel the contract.

Thereafter, appellants were in default in making payments under the terms of the contract, but appellants allege respondents waived the provision that time was of the essence and granted to appellants various indulgences or extensions of time for making payments. Appellants also allege that, from time to time, they made various payments upon the purchase price to respondents which were received and accepted by them without requiring strict compliance with the terms of the contract.

On February 18, 1935, the parties entered into a written agreement entitled "Modification of Contract." On the same day, appellants executed to respondents

a release of contract, relinquishing and quitclaiming all their right, title, and interest to the ranch under the original contract of July 11, 1934, but delivery of this instrument was deferred. The modification contract recited that there was due and delinquent as of December 1, 1934, five hundred dollars principal and interest. The amount due as of December 1, 1935, on principal and interest was computed. This agreement also provided that appellants, on or before February 11, 1936, were to pay all taxes and water assessments due on the premises, and upon failure to make the payments and keep the covenants, appellants were to deliver possession of same to respondents and the original contract of sale was to be terminated.

The parties appointed the Cle Elum State Bank as escrow holder. Payments on the contract, taxes, water charges, and assessments were to be made to this bank, and the original contract, modification agreement, and a release of the original contract, dated February 18, 1935, were placed in the custody of the bank. If appellants made payment seasonably, pursuant to the modification contract, including water charges and assessments, these instruments were to be delivered to them, but upon failure to do so the escrow holder was to deliver the instruments placed in its custody to respondents, and the original contract of sale was to be automatically terminated. Appellants failed to make good their defaults under the contract, and some time subsequent to February 11, 1936, respondents demanded and received the instruments deposited with the bank, and on May 6, 1936, respondents recorded the release of contract.

Appellants contend that the memorandum designated "a lease" executed in March, 1936, hereinbefore referred to, was intended as an agreement for the

extension of time for the payment of the purchase price under the original contract and the modification of contract, and that the contract was to remain in full force and effect and respondents merely desired the balance of the purchase price to be paid in due time. It was alleged that, by reason of mutual mistake of the parties, and mistake of the scrivener in preparing the lease, the same does not state the mutual intention of the parties. Therefore, appellants contend they are entitled to remain in full possession of the property.

In March, 1937, appellants allege they tendered respondents the full amount of the unpaid balance of the purchase price, together with interest, and demanded a deed conveying the property to them, which respondents refused to accept. Appellants also allege that they made valuable improvements upon the property with respondents' approval.

Appellants prayed that respondents be enjoined from forfeiting the contract or interfering with their possession, and that appellants be permitted to pay the balance of the purchase price and in turn to secure a warranty deed to the ranch. Appellants also prayed that the "lease" be reformed to express the mutual intention of the parties. In the alternative, appellants prayed for judgment for the amounts heretofore paid to respondents, together with interest from date of payment.

In respondents' reply, the material allegations in appellants' answer and cross-complaint were denied.

The trial court found that, at all times subsequent to February 18, 1935, appellants held possession, not as contract purchasers, but as tenants, and entered judgment for the restitution of the ranch.

Appellants make a number of assignments of error relating to the findings of fact and conclusions of law. We have examined the same, but do not find them to

be well taken. The only real question to be determined by the errors assigned is whether the trial court erred in entering judgment for respondents for restitution of the ranch in cause No. 9506.

After a careful consideration of the record, we are convinced that the original contract of purchase was validly cancelled, an extension for a definite period of time was granted by the modification agreement, and upon the failure of appellant to comply with the terms of the modification of the contract, appellants thereby divested themselves of all right, title, and interest they enjoyed under the original contract. Respondents granted appellants no extensions whatever supported by a valid consideration except as specifically embodied in the modification of contract executed February 18, 1935. It should be noted that the modification contract provided in part:

". . . it is hereby mutually agreed between the said parties, that said contract shall be and is hereby modified in the following specific manner and not otherwise."

This new agreement being silent in regard to the time of the essence provision of the original contract, it must necessarily follow that this provision was preserved and continued in full force and effect.

Moreover, appellants were not in a position to make tender before the contract was terminated by the delivery of the release of contract to respondents by the escrow holder, and the record clearly shows respondents would have accepted a tender at any time before the contract was terminated. In *Boger v. Bell*, 84 Wash. 131, 146 Pac. 179, we said:

"Respondent seeks to justify his demand for a decree by reference to the principle that proof of tender will not be required where it appears that it would have been futile. . . . The rule does not pertain where a forfeiture has been declared by the vendor acting

within the terms and limit of the contract prior to the time of tender. A vendee in default cannot reinstate himself or his contract by a tender after the vendor has asserted his right of forfeiture."

See, also, *Smith v. Barber,* 97 Wash. 18, 165 Pac. 873; *Kiefer v. Carter Contracting & Hauling Co.,* 59 Wash. 108, 109 Pac. 332; *Cowley v. Foster,* 143 Wash. 302, 255 Pac. 129.

The lease which purported to create a term for a period of one year dated from February 11, 1936, is manifestly in contravention of Rem. Rev. Stat., § 6893 [P. C. § 1434], since it was never signed by the wife of respondent Ballard, and thus created only a tenancy from month to month. *Isaacs v. Holland,* 4 Wash. 54, 29 Pac. 976; *Ryan v. Lambert,* 49 Wash. 649, 96 Pac. 232; *Brownfield v. Holland,* 63 Wash. 86, 114 Pac. 890; *Spreitzer v. Miller,* 98 Wash. 601, 168 Pac. 179; *Hinkhouse v. Wacker,* 112 Wash. 253, 191 Pac. 881, 195 Pac. 218.

After a thorough scrutiny of the testimony, we are unable to find the parties did not intend to execute a lease. If the instrument did not reflect the intent of the parties, it is difficult to perceive why a man with the experience and background of Cox did not detect the alleged deficiency in this brief instrument at the time of its execution.

While it is true that this transaction has occasioned a pecuniary loss to appellants, this court cannot relieve parties of their bad bargains merely because they are bad bargains. If written instruments, deliberately signed by parties with knowledge of their terms and conditions, can be disregarded by them, then it is futile to execute them. *Howland v. Day,* 125 Wash. 480, 216 Pac. 864; *Meyer v. Eschbach,* 192 Wash. 310, 73 P. (2d) 803. In this connection, the language

employed in *Benham v. Columbia Canal Co.*, 74 Wash. 110, 132 Pac. 884, is peculiarly applicable. We said:

"At the time the notice of rescission was given, the respondents were in default on the payment of interest, taxes, and maintenance fee, and had made no improvements. These were made of the essence of the contract, and it was subject to cancellation for the breach of any one of them. The contract may seem harsh, but the courts cannot stand *in loco parentis* for adults who are mentally capable of contracting, nor can they relieve a party from the effect of a forfeiture for which he has expressly stipulated, where there is no fraud charged or proven."

We fully appreciate the expenditures that appellants have made for improvements upon the ranch, but while some minor improvements were justified to render the house situated on the ranch habitable, still appellants have been indiscreet in this regard. As the trial judge said, most of the money diverted to improvements should have been applied to payments on the contract.

Appellants cite a number of cases in support of the proposition that, when a vendor has waived strict performance of a contract by accepting payments thereunder at times later than the date provided for in the contract, forfeiture of the contract cannot be claimed without notice and the giving of an opportunity to perform. These cases are inapplicable to the facts of the present case, because compliance with the time of the essence provision was never waived by respondents.

We have examined the remaining authorities cited by appellants, but find them not applicable to the case before us.

The contention of appellants that, at all events, the judgment is erroneous in dismissing their action with prejudice, is untenable for the reason that all

308

possible rights, legal and equitable, were disposed of under the pleadings of the parties.

We conclude the judgment of the trial court is correct, and it is therefore affirmed.

STEINERT, C. J., GERAGHTY,. MAIN, and SIMPSON, JJ., concur.