[No. 27089.   Department One.   July 26, 1938.]
PACIFIC FINANCE CORPORATION OF CALIFORNIA, *Appellant*, v. V. ARMSTRONG *et al.*, *Defendants*, SEATTLE ASSOCIATION OF CREDIT MEN, *Respondent*.[1]

*Skeel, McKelvy, Henke, Evenson & Uhlmann*, for appellant.

*Stern, Orton & Stern*, for respondent.

MAIN, J.—In the complaint in this case, there are ten causes of action, separately stated, in each of which the plaintiff is seeking to foreclose a chattel mortgage upon an automobile.   The defendant the Seattle Association of Credit. Men answered, alleging that the mortgages were invalid, because they were not legally acknowledged and did not contain the affidavits of good faith required by law.   All of the individual defendants defaulted.   The other defendant, the Commercial

[1]Reported in 82 P. (2d) 117.

Credit Company, is no longer interested in the action. The defendant the Seattle Association of Credit Men counterclaimed in its answer for an affirmative relief against the plaintiff.

The trial resulted in a decree in which it was adjudged that the mortgages were invalid, and that the Association of Credit Men was entitled to prevail upon its counterclaim. Judgment was taken against all of the individual defendants for the amount due as represented by the mortgages. The plaintiff, the Pacific Finance Corporation, appeals.

The Pacific Finance Corporation is a corporation organized under the laws of the state of California, authorized to do business in this state, with its principal place of business in the city of Seattle, where it is "engaged in the financing of automobiles and paper." Verne Armstrong, L. V. Armstrong, and Wayne Armstrong were copartners doing business under the firm name of V. Armstrong & Sons, with their principal place of business in the city of Renton, where they operated a garage and, in connection therewith, sold used and new automobiles. March 29, 1937, the partnership made a common law assignment for the benefit of its creditors to the Seattle Association of Credit Men, a corporation. Prior to this time, the mortgages, upon which foreclosure was sought by the appellant, had been executed.

The principal question presented upon the appeal is the validity of the mortgages, and the contest is between the mortgagee, on the one hand, seeking to sustain the mortgages, and the assignee, the representative of the creditors, on the other. In other words, the appellant, by virtue of its mortgages, seeks to establish a preferred claim. Whether the mortgages are good, depends upon whether they were executed in the manner required by law. It will be assumed, for the

purposes of this case, that the signature "V. Armstrong & Sons" is sufficient to bind the members of the partnership individually, even though the names be not disclosed upon the face of the instrument.

Rem. Rev. Stat., § 3780 [P. C. § 9747], provides that a mortgage of personal property is void, as against the parties therein named,

". . . unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, and unless it is acknowledged"

and filed as therein provided.

Using one of the mortgages as a type, it was in this form:

"THESE PRESENTS, executed in duplicate, either of which may be used as the original, this 13th day of Oct., 1936, by V. ARMSTRONG & SONS of SEATTLE, County of KING, State of Washington, hereinafter called the 'Mortgagor,' . . .

"IN WITNESS WHEREOF the Mortgagor has signed these presents this 13th day of Oct. 1936.

"V. ARMSTRONG & SONS

....................................................................................

"L. V. ARMSTRONG

....................................................................................

(Mortgagor sign here)
"By

....................................................................................

(Officer, Firm Member or Owner)

....................................................................................
"

On the back of the instrument there appears this:

"STATE OF WASHINGTON⎰
"County of KING     ⎱ ss.

"L. V. ARMSTRONG, the mortgagor in the foregoing mortgage named, being first duly sworn, on oath deposes and says that the aforesaid mortgage is made in good faith, and without any design to hinder, delay or defraud creditors. And further deposes and says

that no labor has been performed, or materials furnished, in the construction or repair of the mortgaged property for which a lien may be filed.

"L. V. ARMSTRONG.............

"Subscribed and sworn to before me this 13th day of Oct., 1936.

"PAUL L. YAGER, Notary Public in and for the State of Washington, (Notarial Seal) residing at Seattle.

"STATE OF WASHINGTON⎰
⎱ ss.
"County of KING

"On this 13th day of Oct., 1936,. before me a Notary Public in and for the State of Washington, personally came L. V. ARMSTRONG, to me known to be the individual described in and who executed the within instrument, and acknowledged that he signed and sealed the same as his free and voluntary act and deed for the uses and purposes therein mentioned.

"Witness my hand and official seal the day and year in this certificate first above written.

"PAUL L. YAGER, Notary Public in and for the State of Washington, (Notarial Seal) residing at Seattle."

It will be noted that the mortgage recites that V. Armstrong & Sons are called the "Mortgagor," and that the mortgage is signed in typewriting, on the first line, "V. Armstrong & Sons," with the handwritten signature of L. V. Armstrong on the next lower line. Nowhere in the mortgage is it disclosed who were the members of the firm of V. Armstrong & Sons, or in what capacity L. V. Armstrong was acting. The affidavit of good faith on the back of the mortgage recites that L. V. Armstrong is the mortgagor, and that he makes the affidavit in good faith, which he signs. Below this comes the acknowledgment. Here, again, it is recited that L. V. Armstrong acknowledges that he signed and sealed the instrument and acknowledged the same to be his free and voluntary act and deed. In neither the affidavit of good faith nor in the ac-

knowledgment is it disclosed that L. V. Armstrong was acting in a representative capacity.

Where an instrument is executed by one representing another or others, it is necessary that his representative character, whether it be agent, officer, or member of a partnership, be disclosed, and, if it is not disclosed in the instrument itself, in the affidavit of good faith, or in the acknowledgment, the instrument will be invalid. No particular form of words is necessary, but the intent to act in a representative capacity, and not in an individual capacity, must be fairly disclosed.

In 11 C. J. 483, § 128, it is said:

"In case of a mortgage to a partnership, one partner may make the affidavit of good faith, but it has been held that he must identify himself as a member of the firm or sign the firm name."

In 1 Am. Jur. 361, § 112, it is said, under the heading of "Acknowledgments by Persons in Representative Capacity":

"In the case of an acknowledgment made by an agent, attorney, officer of a corporation, or member of a partnership, the certificate, by appropriate recitals, must identify the principal and disclose the representative character in which the agent, officer, or member acts. But it is not necessary, as a rule, to have the certificate recite in express terms that the representative is authorized to acknowledge the instrument on behalf of the principal."

In 29 A. L. R. 986, under annotation, the following appears:

"Sufficiency of certificate of acknowledgment. . . .
"Generally, however, the courts, while holding that the certificate of an acknowledgment by an attorney in fact should show that the acknowledgment was made by the attorney and for his principal, do not require any particular form of words, but are satis-

fied if the intent to acknowledge as attorney, and not individually is fairly disclosed."

The law, as stated in these texts, is supported by the adjudicated cases: *Robinson & Caldwell v. Mauldin, Montague & Co.*, 11 Ala. 977; *Malloye v. Coubrough*, 96 Cal. 649, 31 Pac. 622; *Sowden v. Craig*, 26 Iowa 156, 96 Am. Dec. 125; *Munger v. Baldridge*, 41 Kan. 236, 21 Pac. 159, 13 Am. St. 281; *Bigelow v. Livingston*, 28 Minn. 57, 9 N. W. 31.

Inasmuch as the representative character of L. V. Armstrong was not disclosed on the face of the instrument, in the affidavit of good faith, or in the acknowledgment, it follows that the mortgages were not executed in the manner required by law and are, therefore, void.

It is true that all of the mortgages were not executed in exactly the same form as the one herein set out. In two or three of them it appears that L. V. Armstrong's signature is on the line which is prefaced by the word "By," and as to one of them it is recited in the affidavit of good faith that it was made by V. Armstrong & Sons, and the same recital is in the acknowledgment, but the affidavit was signed by L. V. Armstrong. These differences, however, are not material, because the fact still is that the representative character of L. V. Armstrong is not disclosed.

The question remains as to the judgment in favor of the respondent upon its cross-demand. After the assignment had been made for the benefit of creditors, the appellant accepted payment of the mortgage upon one car and delivered to the one making the payment the certificate of title. The evidence upon this matter is not very satisfactory. The question, however, turns upon whether, at the time of the assignment, of which the appellant had notice, this particular car was owned by V. Armstrong & Sons, or whether it had been sold

or transferred to a third person. After giving consideration to the evidence and without further discussion, it may be said that we see no reason for disturbing the holding of the trial court upon this question.

The decree appealed from will be affirmed.

HOLCOMB, GERAGHTY, SIMPSON, and MILLARD, JJ., concur.