[No. 31789. Department Two. December 20, 1951.]

C. F. STABBERT *et al.*, *Appellants*, v. ATLAS IMPERIAL DIESEL ENGINE COMPANY, *Respondent*.[1]

*Paul M. Anderson* and *Wright, Booth & Beresford*, for appellants.

*Jones, Birdseye & Grey*, for respondent.

OLSON, J.—A trial to the court resulted in a judgment dismissing appellants' action to recover rent claimed under a written lease of certain real estate.

The demised premises were the property of the marital communities composed of C. F. Stabbert and Roberta Stabbert, his wife, and Fred Stabbert (now deceased) and Elizabeth Stabbert, his wife. Respondent took possession of the property on July 1, 1947. The lease in issue, providing for

[1] Reported in 238 P. (2d) 1212.

a term of five years from that date, with an agreed monthly rental, was entered into by respondent and by C. F. and Fred Stabbert on January 5, 1948. Both wives were named in the lease as lessors, but neither of them signed or acknowledged the lease. Respondent continued to occupy the premises and paid the rent until July 31, 1950. It then surrendered possession, in accordance with previous notice to appellants of its intention to terminate the tenancy.

Both of the appellant wives knew of the lease soon after its execution, but never discussed it with any representative of respondent. Each wife had given her husband a written instrument authorizing him to act for her, in a representative capacity as attorney in fact, in transactions concerning community real estate, but this power was not disclosed in the execution or acknowledgment of the lease.

The trial court concluded that the lease was void and that the respondent was, therefore, a month-to-month tenant of the premises, with the right to terminate the tenancy.

Appellants contend that the lease is enforcible. They rely upon three early Washington cases: *Isaacs v. Holland,* 4 Wash. 54, 29 Pac. 976 (1892); *Colcord v. Leddy,* 4 Wash. 791, 31 Pac. 320 (1892); *Dietz v. Winehill,* 6 Wash. 109, 32 Pac. 1056 (1893). When these cases were decided, there was, as there is now, a statutory provision that the husband shall not convey or encumber the community real estate unless the wife join with him in executing the instrument of conveyance, and that such instrument must be acknowledged by him and by his wife. Rem. Rev. Stat., § 6893.

In the first of the cited cases, the lessors sued to recover rent under a lease of community lands executed by the husbands and not by their wives. The court held that such a lease is not void, and that the lessees could not abandon the premises, escape performance of the lease, and resist the payment of rent, without first giving the lessors an opportunity to execute to them a valid lease. It is true, as respondent contends, that the court discussed a possible difference in the situation of a lessee who knew of the community character of the real estate at the time the lease

was made from that of one who did not. However, the court concluded (p. 58) that, if the tenant, knowing the facts, continues to occupy the premises, he must meet the requirement specified before he can be relieved from the obligation of the lease. The other cases cited apply and adhere to the reasoning of this case and its conclusion, as is shown by the language of Judge Dunbar in the *Dietz* case, *supra* (p. 111).

■ These cases have not been overruled, and establish the rule that an instrument with the defect inherent in the lease involved in this action is voidable, not void.

Respondent cites cases in which, it contends, this court has said, in effect, that such a defective document is invalid or void: *Hoover v. Chambers,* 3 Wash. Terr. 26, 13 Pac. 547 (1887); *Ryan v. Lambert,* 49 Wash. 649, 96 Pac. 232 (1908); *Spreitzer v. Miller,* 98 Wash. 601, 168 Pac. 179 (1917); *Hansen v. Hansen,* 110 Wash. 276, 188 Pac. 460 (1920); *Kaufman v. Perkins,* 114 Wash. 40, 194 Pac. 802 (1921); *Ballard v. Cox,* 193 Wash. 299, 75 P. (2d) 126 (1938); *Benedict v. Hendrickson,* 19 Wn. (2d) 452, 143 P. (2d) 326 (1943).

Of these, respondent relies especially upon *Spreitzer v. Miller, supra,* an unlawful detainer action. The wife of the lessor refused to join him in signing a lease, after orally agreeing to do so, because its terms varied from the terms of the oral agreement. This fact differentiates the case from the case at bar, and must have been material to its disposition. The court indicated that such a document cannot be established *against* the community owner not bound by deed. Even if this means, as respondent contends, that such an instrument is void, the case has not been followed in later decisions (*Stephens v. Nelson,* 37 Wn. (2d) 28, 221 P. (2d) 520 (1950)), and, in any event, it is not in point here.

We have examined each of the other cases. In each the facts are different from the facts of this case, and in none is the lessor community attempting to enforce the instrument. None of these cases hold that, *as a matter of law,* such an instrument is not enforcible by the wife who did not join in its execution. So it must be said that the word "void" or

"invalid," when used in any of these cases, was used in the sense that the document in question was unenforcible in the particular case, or was used to distinguish such a defective document from one which is without defects or "valid." To be "valid," in this sense, it must be executed as the statute requires. The conclusion that this is the meaning in which the words are used is supported by the court's adherence to the principle that a wife may ratify (accept) such a defective instrument, with the result that she cannot later disaffirm it. *Stephens v. Nelson, supra,* and cases cited. This is consistent with the mandate of the statute, Rem. Rev. Stat., § 6893 [P.P.C. § 434-29].

In 1 Williston on Contracts, (Rev. ed.) 22, § 15, the author makes these pertinent statements:

"An agreement which produces no legal obligation is frequently called a void contract. Though the phrase is often convenient, it is a contradiction in terms. If an agreement is void it is not a contract. A voidable contract, however, is common in the law. Such a contract is defined in the Restatement of Contracts [1 Restatement of the Law of Contracts 12, § 13] as one 'where one or more parties thereto have the power, by a manifestation of election to do so, to avoid the legal relations created by the contract; or by ratification of the contract to extinguish the power of avoidance.' Infancy, fraud, mistake, duress, some kinds of illegality, all afford ground for rescinding or refusing to perform a contract. Unless rescinded, however, a voidable contract imposes on the parties the same obligations as if it were not voidable." Cf. 1 Corbin on Contracts 11, § 6 *et seq.*

Such a contract being voidable, we must determine at whose election it may be avoided. For this purpose, consideration must be given to the statute, Rem. Rev. Stat., § 6893, *supra.* It is designed to protect the interest of the wife in the community property. Its enactment was not prompted by concern for the one to whom an attempted conveyance of her interest is made. She, not the other party to the transaction, has the power of avoidance. She may, as she wishes, either accept or reject the voidable action of her husband.

It does not follow that a wife may, tortoise-like, claim the protection of the statute and, under no circumstances, be bound by such a defective document. The problem of an inactive wife who wishes to avoid the contract is not before us. The appellant wives, in this instance, are asserting, not denying, the lease.

We feel obliged to mention two other propositions which were considered and applied by the trial court. The first was whether or not the failure of the husbands to refer to their powers of attorney in the acknowledgment of the lease rendered it void, under *Pacific Finance Corp. v. Armstrong*, 195 Wash. 524, 82 P. (2d) 117 (1938). There a chattel mortgage was held void because it lacked a proper acknowledgment. The nondisclosure of his representative capacity by the one acknowledging was the fatal omission. If applied to this case, it only requires that this lease be viewed as we have considered it, that is, as one which the wives did not sign or acknowledge.

The second of these propositions was part performance under the statute of frauds. Having decided that this lease is enforcible, it is neither necessary nor proper for us to consider this doctrine or to determine whether or not it is ever pertinent in cases arising under the statute in question, Rem. Rev. Stat., § 6893, *supra*.

We conclude that respondent cannot assert the defect in this lease to defeat appellants' claim. The fact that the lessors were husbands and wives appeared in the lease. Respondent's knowledge of the community character of the property is shown by its reliance on it to terminate the tenancy. When this fact was discovered is immaterial, if it was before the attempt to avoid the lease. There is no indication in the evidence that respondent had any reason to believe that its possession of the premises for the remainder of the term would be disturbed. Had it wished to clarify its position at any time, a demand for a proper lease would have done so. Not having made such a demand before terminating the tenancy, it cannot escape its obligation under the lease.

The judgment is reversed, and the cause remanded for the entry of judgment in favor of the appellants for such rent as may be determined to be due under the lease, and for costs and attorneys' fees to be assessed as provided in the lease.

HILL, HAMLEY, DONWORTH, and FINLEY, JJ., concur.

February 5, 1952. Petition for rehearing denied.